146 N.J. Super. 472 (1977)
370 A.2d 55
CENTER GROVE ASSOCIATES, A PARTNERSHIP, PLAINTIFF-APPELLANT,
v.
OTTO HOERR, JR., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 11, 1977.
Decided February 2, 1977.
*473 Before Judges LORA, CRANE and MICHELS.
Mr. Anthony S. Giampapa argued the cause for appellant (Messrs. Werksman, Saffron, Cohen, Sylvester and Miller, attorneys; Mr. Rand M. Agins, of counsel and on the brief).
Respondent filed statement in lieu of brief.
The opinion of the court was delivered by LORA, P.J.A.D.
Plaintiff landlord appeals from that portion of the judgment of the Morris County District Court which denied the recovery of attorney's fees in its suit against defendant tenant for unpaid rent. The record establishes that defendant vacated the premises at the end of the one-year lease term, May 30, 1975, and at that time owed $660 in unpaid rent. A post-vacation inspection revealed $50 in damages to the apartment beyond reasonable wear. However, defendant was entitled to credits for a security deposit of $220, interest of $2.75, and an additional credit of unspecified origin in the amount of $85. The parties stipulated all these figures at trial. Accordingly, judgment was entered for $402.25 with $11 costs of suit.
*474 The claim for an attorney's fee of $80 was bottomed on Paragraph Twenty-third of the printed lease agreement which provides in part:
Tenant has deposited the sum of $220.00 as security for the faithful performance of the terms, covenants and conditions of this lease. * * *
(a) * * * Tenant also agrees that there shall be deducted from any returnable portion of the aforesaid deposit reasonable attorney's fees incurred by landlord in the enforcement of any provision of this agreement.

* * * * * * * *
(c) * * * In the event after default in the lease for non-payment of rent of otherwise, the Tenant is permitted to reinstate the lease upon curing default, the Tenant shall be required to pay in addition to unpaid rents and damages, legal costs to the Landlord including reasonable counsel fees.
The trial judge, in denying plaintiff a counsel fee, stated that "the use of language such as `reasonable' in this kind of a [small print] contract involving a consumer who is almost invariably not represented by an attorney and not in a position to appreciate what would or would not be a reasonable attorney's fee * * * is not meaningful to such a person * * * and does not afford the basis for a consensual contractual agreement for an award of counsel fees." He noted, however, that he did and would routinely enforce lease provisions calling for a specified percentage of a recovery or a specified dollar amount as attorney's fees.
Generally, a contract which permits an aggrieved party to recover fixed or "reasonable" attorney's fees as part of any damages is enforceable unless some larger public policy mandates a contrary result. Alcoa Edgewater No. 1 Fed. Credit Union v. Carroll, 44 N.J. 442, 448 (1965); Cohen v. Fair Lawn Dairies, Inc., 86 N.J. Super. 206, 212-216 (App. Div. 1965), aff'd 44 N.J. 450 (1965). However, any fee arrangement is subject to judicial review as to its reasonableness. In re Estate of Kish, 52 N.J. 454, 471-472 (1968); Cohen v. Fair Lawn Dairies, Inc., 44 N.J. at 452. Consequently, we are satisfied that the lease *475 provision in question is not in contravention of any public policy in our State which renders it nugatory.
Although our research has unearthed no reported New Jersey case dealing with an award of attorney's fees pursuant to a clause in a lease calling for "reasonable attorney's fees" rather than a specific sum or percentage of the recovery, such lease provisions have been enforced in other jurisdictions. See Annotation, "Construction and effect of lease provision relating to attorney's fees," 77 A.L.R.2d 735 (1961). Cf. Trenton Housing Auth. v. Green, 118 N.J. Super. 544 (App. Div. 1972), certif. den. 61 N.J. 159 (1972).
It is interesting to note, moreover, that the phrase "reasonable attorneys' fees" has found legislative acceptance in the New Jersey Landlord and Tenant Law in that it permits a tenant to recover such fees in the court's discretion in the event he must sue to recover his security deposit. N.J.S.A. 46:8-21.1. Similarly, the phrase appears in the Retail Installment Sales Act, N.J.S.A. 17:16C-71(b), which permits a home repair contract to provide for the payment of reasonable attorney's fees when a payment in default for ten days is referred to an attorney, not a salaried employee of the holder of the contract, for collection. See N.J. Mtg. & Invest. Corp. v. Young, 134 N.J. Super. 392, 400 (Law Div. 1975).
We are of the view that since it is the judge who finally determines the amount of the attorney's fee to be awarded regardless of what the lease may provide in this respect, the tenant is not disadvantaged by the absence of a stated amount of attorney's fees in the lease. The tenant's lack of knowledge as to the precise amount of the fees should, at best, be merely one of the circumstances considered by the judge in determining the reasonableness of the fee requested by the landlord.
Plaintiff claims in its brief that it was stipulated for purposes of appeal that $80 is a reasonable fee. The record *476 discloses no such stipulation. However, our review of the record leads us to conclude that under the circumstances of this case $80 is a reasonable fee, notwithstanding it is in excess of the statutory attorney's fee which the county district court is authorized by N.J.S.A. 22A:2-42 to include in the costs to be taxed by the clerk in favor of the prevailing party and against the judgment debtor.
Reversed and remanded to the Morris County District Court with a direction that its judgment be modified to include an award of $80 in attorney's fees.