151 N.J. Super. 39 (1977)
376 A.2d 547
LEONARD G. MURY AND DORIS J. MURY, PLAINTIFFS-RESPONDENTS AND CROSS-APPELLANTS,
v.
MINDELE TUBLITZ AND RAYMOND TUBLITZ D/B/A CHATHAM HILL APARTMENTS, DEFENDANTS-APPELLANTS AND CROSS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued June 7, 1977.
Decided June 21, 1977.
*41 Before Judges MATTHEWS, SEIDMAN and HORN.
Mr. Lewis Stein argued the cause for appellants (Messrs. Nusbaum, Stein and Goldstein, attorneys; Mr. William R. Barker on the brief).
Mr. David J. Lloyd argued the cause for respondents (Messrs. Stickel, Frahn and Stochholm, attorneys).
PER CURIAM.
Defendants appeal from a judgment entered against them on April 30, 1976 in the Morris County District Court for $623.75 together with interest at 4 1/2% a year from July 16, 1975. Plaintiffs cross-appeal from the trial judge's denial of double damages under N.J.S.A. 46:8-21.1.
Plaintiff tenants entered into a lease with defendant landlords on April 25, 1973 by the terms of which plaintiffs leased a single bedroom apartment in defendants' apartment house for two years at a rental of $390 a month for the first year and $410 a month for the second year which expired May 31, 1975.
Plaintiffs deposited with defendants $585 "as security for the full and faithful performance by the Tenant[s] of all the terms and conditions upon the Tenant[s'] part to be performed," to be returned with interest within 30 days after the expiration of the lease "after the Tenant[s] [have] fully and faithfully carried out all of the terms, *42 covenants and conditions on [their] part to be performed * * *."
The lease also provided:
43. That the Tenant agrees to pay as additional rent, all attorneys' fees and other expenses incurred by the Landlord in the enforcement of any of the agreements, covenants and obligations under this lease including legal fees that may accrue in the event suit for rent or dispossess proceedings are necessary to obtain the possession of the premises or to collect the rent which legal fees, as added rent shall be a minimum of 25 percent of all moneys outstanding which Tenant hereby agrees is a reasonable charge.
On April 8, 1975 defendants wrote to plaintiffs advising them of their willingness to renew the tenancy. Having no response from plaintiffs, defendants sent a follow-up letter on April 22, 1975, restating the intent of the landlords to renew the lease. Plaintiffs still did not respond to this second communication, so on April 25, 1975 defendants contacted plaintiffs by telephone and were advised that plaintiffs did not intend to relet the apartment. On this last date defendants forwarded a letter to plaintiffs confirming the intent of the tenants to terminate their lease on May 31, 1975. Defendants subsequently executed a lease for the apartment with other persons, to commence June 1, 1975. Plaintiffs failed to vacate the apartment at the end of their lease. They advised defendants that they were seeking new quarters but were uncertain as to the date when they would be able to move.
Defendants then filed a complaint in the Chancery Division, seeking relief in view of the dilemma confronting them through their inability to deliver possession of the apartment to the new tenants by reason of plaintiffs' failure to vacate the premises. Upon the return of an order to show cause why plaintiffs should not be ejected from the premises, a consent order was entered directing plaintiffs to relinquish possession of the premises on June 28, 1975 and to pay rent for the month of June 1975.
*43 On July 18, 1975 defendants accounted to plaintiffs for their security deposit. The total amount of the security deposit was stated to be $623.75. Defendants applied this amount to their attorney's fee and costs of $710 ($650 and $60, respectively). They requested plaintiffs to remit the balance of $86.25. Plaintiffs thereafter on October 23, 1975 instituted an action in the county district court for double the amount of the security deposit, pursuant to N.J.S.A. 46:8-21.1. Defendants denied liability and counterclaimed for the $710 paid to their attorney.
The judge determined the issue adversely to defendants on plaintiffs' contested motion for summary judgment. However, he declined plaintiffs' demand for double damages. Accordingly, judgment was entered for the amount of the deposit only, $623.75.
In granting summary judgment the judge said in part:
I have always taken the view, and I will continue to take the view until the Appellate Division or the Supreme Court tells me that I may not, that when we are dealing with typical landlord tenant situations for residential complexes, that the tenant is an ordinary person simply renting an apartment or renting a residential dwelling and when the tenant is, as he is in this case, becoming a party to a contract of adhesion which had been prepared by the landlord that in order to impose rent on a contractual basis  I mean in order to impose counsel fees on a contractual basis against the tenant, the lease must clearly set forth in ways that are intelligible to the average layman who would be contemplated as being a party to this lease as tenant, must clearly set forth what the range of fee will be and how it will be calculated. * * *
He also stated that "as a matter of basic public policy * * * it would be unconscionable to enforce such a clause against a tenant."
The primary issue before us arises from the trial judge's expressed concept that public policy proscribes the enforcement of provisions in a "typical" landlord-tenant contract or lease because it would be unreasonable to do so. We disagree with that concept. Apparently it stems from the judge's private view. No authority is mentioned. *44 Although where suitable housing quarters are at a premium a court may hold that exculpatory lease provisions are invalid, because of the unequal bargaining positions of the parties (Kuzmiak v. Brookchester, 33 N.J. Super. 575, 586 (App. Div. 1955)), this is not to say that every lease provision favorable to the landlord is against public policy.
There is nothing in the record of this case which warrants a factual finding that the parties were in unequal bargaining positions when the lease was executed. Cf. Shell Oil Co. v. Marinello, 63 N.J. 402, 408 (1973), cert. den. 415 U.S. 920, 94 S.Ct. 1421, 39 L.Ed.2d 475 (1974). Courts are required to enforce contracts, including leases, according to their terms in the absence of some superior contravening policy. Marini v. Ireland, 56 N.J. 130, 143 (1970). Specifically, provisions in leases, including residential leases, for the payment of reasonable attorney's fees to an aggrieved party are enforceable. Center Grove Associates v. Hoerr, 146 N.J. Super. 472 (App. Div. 1977). But as noted in Center Grove Associates at 474, the fee arrangement, i.e., reasonableness of the fee, is subject to judicial review. In re Kish, 52 N.J. 454, 471-472 (1968); Cohen v. Fair Lawn Dairies, Inc., 44 N.J. 450, 452 (1965).
Clause 43 of the lease is sufficiently clear to authorize defendants to deduct from the security deposit a reasonable attorney's fee and costs. N.J.S.A. 46:8-21.1 permits the deduction in requiring that security deposits be returned "less any charges expended in accordance with the terms of a contract, lease, or agreement."
However, as already noted, since the reasonableness of the fee is subject to judicial review, the landlord may not unilaterally compel the tenant to accept his evaluation. Hence, where, as in the instant case, the landlords deducted the fee and costs from the security deposit, they did so under the risk that they might be liable for double the balance of the security deposit under N.J.S.A. 46:8-21.1 if the court found that the deducted amount was excessive.
*45 It would have been appropriate for defendants, who had already incurred legal expense when they had sought chancery relief, to request the court to determine the reasonableness of the fee and expenses. In the absence of doing so they made the deduction at their peril, as stated above.
In the instant case the county district court judge commented that the attorney's fee charged "would be high for a routine dispossess action, [but] is justified as between the client and attorney in this case * * *." Since we believe that the question of reasonableness of the fee and costs should be determined anew, we direct that the county district court action be consolidated with the Chancery Division action (Tublitz v. Mury, Docket C-3651-74). The matter is remanded to the Chancery Division for the purpose of determining the reasonableness of the attorney's fee and costs, and the entry of judgment in behalf of plaintiffs in the county district court action, pursuant to N.J.S.A. 46:8-21.1, for the difference, if any, between the amount of the security deposit and the reasonable fee and costs, or a judgment in behalf of defendants on their counterclaim if same is warranted.
Reversed and remanded. We do not retain jurisdiction.