166 N.J. Super. 551 (1979)
400 A.2d 133
UNIVERSITY COURT, PLAINTIFF-RESPONDENT,
v.
ANEESAH MAHASIN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 13, 1979.
Decided March 6, 1979.
*553 Before Judges CONFORD, PRESSLER and KING.
Mr. Harris Gould argued the cause for appellant (Essex-Newark Legal Services).
Ms. Rosalind Mink argued the cause for respondent (Messrs. Franzblau & Falkin, attorneys).
PER CURIAM.
This is an appeal from a judgment of possession entered by the Essex County District Court in a summary dispossess action. The narrow question here raised is whether, under the terms of this residential lease as written, plaintiff landlord may demand as part of the rent due and owing a reasonable counsel fee for the bringing of the dispossess action.
Plaintiff landlord and defendant tenant entered into a written lease for the rental of an apartment, commencing June 17, 1977, at a monthly rental of $190. Plaintiff, a governmentally subsidized housing corporation, filed this summary dispossess action the following October after defendant had defaulted in her rent obligation for two months. At trial defendant tendered the full two-month rent payment of $380 as well as $8.10 as court costs. The only dispute was whether, in order to cure her default, defendant was also required to pay plaintiff the attorney's fee it demanded of $35, an amount stipulated as reasonable. The judge concluded that the fee was in the nature of "added" rent, and he required its payment as rent due and owing. Defendant appealed and the judgment was stayed following her payment to the clerk of the full amount of the demand, including the attorney's fee. We reverse.
We are satisfied that where a written lease expressly so provides a reasonable attorney's fee incurred by the landlord in bringing a summary dispossess action for nonpayment *554 of rent may properly be treated by the county district court as part of the rent due and owing by the tenant. That, indeed, was our holding in Trenton Housing Auth. v. Green, 118 N.J. Super. 544, 545 (App. Div. 1972), certif. den. 61 N.J. 159 (1972), where we said that such a fee "could lawfully be contracted to be considered additional rent, for purposes of the summary dispossess act." As we there reasoned
It is entirely consistent with those [low-rent housing] policies that landlord housing authorities recoup from dilatory tenants the reasonable legal costs attendant upon necessary dispossess actions. Nor is there anything unconscionable or otherwise contrary to public policy in doing so by a lease stipulation that the reasonable attorney's fees become additional rent due and owing by the tenant. [118 N.J. Super. at 545-546]
We followed that holding in Mury v. Tublitz, 151 N.J. Super. 39 (App. Div. 1977).
Although neither Trenton Housing Auth. nor Mury v. Tublitz expressly so state, the underlying predicate of both cases derives from N.J.S.A. 2A:18-55, which mandates the discontinuance of the dispossess action upon payment by the tenant to the clerk of the court of the amount of the rent due plus "costs of the proceedings." Such payment before entry of final judgment in a dispossess action based on nonpayment of rent ends the court's jurisdiction over the matter. Vineland Shopping Center, Inc. v. De Marco, 35 N.J. 459, 465 (1961); Academy Spires, Inc. v. Jones, 108 N.J. Super. 395, 400 (Law Div. 1970). The county district court does not, consequently, have the jurisdiction to require the tenant in a dispossess action to make any payment other than or in addition to that specified by the statute in order to effect a dismissal of the action and the continuation of his tenancy. Since the term "costs" used by the statute clearly refers to costs authorized by Title 22A of the Revised Statutes, and since Title 22A does not authorize an allowance of counsel fees as part of the statutory *555 costs in a dispossess action,[1] payment of a counsel fee can be required by the court as a condition of dismissal of the dispossess action only to the extent that such a fee can be considered as part of the rent due and owing. And it can be so considered only if the lease so provides.
The specific leases under consideration in both Trenton Housing Auth. and Mury v. Tublitz, supra, were unequivocal in their characterization of the counsel fee incurred in bringing the dispossess action as part of the rent due and owing. Were the lease provision here reasonably construable as having the same import, the same result there reached would obtain here. This landlord's problem, however, in our view, is that the lease is at best ambiguous in this regard. Its applicable provision is as follows:
In case of any such default [including nonpayment of rent], re-entry, expiration or dispossess by summary proceedings or otherwise (i) The rental charge shall become due thereupon and be paid up to the time of such re-entry, dispossess or expiration, together with such expenses as the Corporation may incur for legal expenses, attorney's fees, brokerage and putting the demised premises in good order, and for preparing the same for re-rental: * * *
That provision is clearly susceptible to the interpretation that the tenant becomes liable for an attorney's fee only upon termination of his tenancy by reason of re-entry, expiration *556 of lease or a consummated dispossess action, and hence that he is not so liable where, as here, the dispossess action is discontinued and the tenancy goes on. It is further apparent from the language quoted that liability of the tenant for the attorney's fee is unrelated to his continued possession of the leased premises and therefore cannot reasonably be considered as "rent." In short, while the lease could have conditioned discontinuation of the dispossess action upon payment by the tenant of a reasonable attorney's fee as additional rent for purposes of the summary dispossess action, we are satisfied that it did not do so clearly and unequivocally.
The judgment of possession is vacated. We remand to the trial court for an order directing payment by the clerk of the sum deposited with him consistent herewith.
NOTES
[1] N.J.S.A. 22A:2-42 authorizes the clerk of a county district court to include in taxed costs against a judgment debtor a fee to the attorney for the prevailing party of 5% of the first $500 of the judgment and 2% thereafter. We are satisfied, however, that a judgment of possession against a tenant in a dispossess action is not a judgment against a judgment debtor within the intendment of that section. See Center Grove Associates v. Hoerr, 146 N.J. Super. 472 (App. Div. 1977), considering the applicability of N.J.S.A. 22A:2-42 to an action by a landlord against a tenant for rent due after termination of the tenancy by reason of defendant's vacation of the premises at the end of the term. The losing tenant in such an action, unlike the defendant in a summary dispossess action, would clearly be a "judgment debtor."