173 N.J. Super. 262 (1980)
414 A.2d 256
FARGO REALTY, INC., PLAINTIFF-RESPONDENT,
v.
MILDRED HARRIS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted February 26, 1980.
Decided March 18, 1980.
*264 Before Judges CRANE, MILMED and KING.
Passaic County Legal Aid Society, attorney for appellant (Lawrence B. Dvores on the brief).
Theodore A. Lobsenz, attorney for respondent.
PER CURIAM.
This is an appeal from a judgment in favor of plaintiff landlord in a summary dispossess proceeding. On April 10, 1979 plaintiff filed a complaint for possession based on defendant's nonpayment of a portion of April's rent. At trial plaintiff revealed that the rent alleged to be unpaid and owing consisted of the cost of repairing tenant-inflicted damage to the premises and attorney's fees, both of which the written lease defined as rent.[1] It was undisputed that defendant had paid her regular monthly rent. The defense was that those items could not be considered as rent under the good cause for eviction section of the Summary Dispossess Act. N.J.S.A. 2A:18-61.1 et seq.
The trial judge determined that during the month of March plaintiff had incurred plumbing bills for unclogging the toilet *265 and bathtub. Holding that lease provisions making tenant-inflicted damages and attorney's fees collectible as rent were valid, the trial judge found that defendant owed $52.28 for damages and $15 for an attorney's fee, and entered a judgment of possession based on defendant's nonpayment of that amount. Defendant deposited that sum with the clerk of the county district court and execution of the judgment was stayed pending appeal.
On appeal defendant first contends that the complaint should have been dismissed because it failed to specify that the rent claimed as due, unpaid and owing was in fact tenant-inflicted damages and attorney's fees. While the complaint could have been more specific, giving it the liberal construction to which all pleadings are entitled, R. 4:5-7, we deem the complaint sufficient to avoid dismissal. It alleged a landlord-tenant relationship and specified the amount of rent allegedly due, unpaid and owing. The record reveals that the items being claimed came as no surprise to defendant as she was able to testify regarding the bills.
The more substantial question on this appeal is whether a residential lease may define rent as tenant-inflicted damages so that failure to pay those damages subjects the tenant to dispossession for nonpayment of rent. Defendant contends that such a lease provision contravenes the purpose and spirit of N.J.S.A. 2A:18-61.1 et seq. which in essence provides that residential tenants cannot be evicted except for good cause as defined in the statute. She argues that an action for possession based on tenant-inflicted damages should be brought under N.J.S.A. 2A:18-61.1(c), under which the tenant must be given advance notice and the landlord must prove that the tenant willfully or by gross negligence damaged the premises. She argues that the clause in question, if enforced, will effectively circumvent subsection (c). She also suggests that the lease is a contract of adhesion which should be voided as contrary to public policy.
We start with the fundamental proposition that the function of a court is to enforce a lease as it is written, absent *266 some superior contravening public policy. Marini v. Ireland, 56 N.J. 130, 143 (1970); Mury v. Tublitz, 151 N.J. Super. 39, 44 (App.Div. 1977). In the absence of such a policy, the parties are free to define rent as they choose. Thus, we have consistently held that parties to a residential lease may treat attorney's fees as additional rent. University Court v. Mahasin, 166 N.J. Super. 551, 553-554 (App.Div. 1979); Mury v. Tublitz, supra; Trenton Housing Auth. v. Green, 118 N.J. Super. 544 (App.Div. 1972), certif. den. 61 N.J. 159 (1972).
We think that a clause defining rent to include tenant-inflicted damages should be treated in the same manner. We fail to see how it would conflict with the purpose underlying the enactment of N.J.S.A. 2A:18-61.1 et seq. to give effect to such a clause. That statute was adopted in response to a legislative recognition that a critical housing shortage exists. It was designed to protect tenants who have caused no problems against unfair and arbitrary evictions. Stamboulos v. McKee, 134 N.J. Super. 567, 572 (App.Div. 1975).
If anything, we think the clause in question tends to advance the policy implicit in the statute in that it encourages tenants to maintain the property. This benefits all tenants since a landlord who has to expend money to repair one tenant's apartment must recoup that cost by exacting higher rents from other tenants, an unjustified burden on low-income tenants who do not cause problems. See Samuelson v. Quinones, 119 N.J. Super. 338, 343 (App.Div. 1972).
Finally, we fail to see how the clause in question imposes an unfair burden on residential tenants. The clause does not require the tenant to pay for all damage to the property. It allows for "reasonable wear and tear." The tenant is entitled to a hearing on whether she in fact inflicted the damage in question. Furthermore, in deciding that question the trial court must construe the lease strictly against the landlord. Carteret *267 Properties v. Variety Donuts, Inc., 49 N.J. 116, 127 (1967). In sum, we hold that the clause in question is valid.
Defendant next contends that the court erred in refusing to permit her to assert the defense that the premises were uninhabitable in February 1979. She offered to prove that during that month the water pipes froze due to lack of heat. The trial judge excluded testimony on that subject for reasons that are not clear from the record. On appeal defendant asserts that the lack of water in February was a good defense to plaintiff's claim for April's unpaid rent.
We disagree. The Summary Dispossess Act was designed to enable the landlord to obtain speedy recovery of the premises. Newark Housing Auth. v. West, 69 N.J. 293, 300 (1976); Vineland Shopping Center, Inc. v. De Marco, 35 N.J. 459, 462 (1961). Consistent with the summary nature of the proceedings, our court rules do not permit the filing of an answer, a counterclaim or discovery proceedings. R. 6:3-1; R. 6:3-4; R. 6:4-3(a). To allow the tenant to assert as a defense that the premises were uninhabitable during months wholly unrelated to the month for which rent is claimed would contravene the essential purpose of the summary dispossess proceeding. It would delay trials, which are supposedly to be held within 15 days after service of the complaint, R. 6:2-1, by extending the length of each and disrupting the calendar. Furthermore, the landlord would have no way of knowing in advance of trial which conditions were claimed to be defective and for what period of time. Since the landlord cannot obtain discovery, he would have no way of rebutting the evidence adduced by the tenant. Finally, the allegation that the premises were uninhabitable during unrelated periods of time is akin to a counterclaim. Academy Spires v. Jones, 108 N.J. Super. 395, 402 (Law Div. 1970). The tenant's remedy is to bring a separate action for the landlord's breach of his covenant of habitability. Berzito v. Gambino, 63 N.J. 460 (1973).
Defendant also contends that plaintiff was not entitled to the $15 attorney's fee specified in the lease and awarded by the *268 court because plaintiff's attorney, who was an officer and director of plaintiff, testified in favor of plaintiff. This practice is a violation of the Disciplinary Rules, DR5-101 and DR5-102, and has been condemned by our Supreme Court. See Callen v. Gill, 7 N.J. 312 (1951). Nonetheless, the testimony is admissible and an award of damages may be predicated upon it. Barbetta v. Sciaraffa, 135 N.J. Super. 488, 495 (App.Div. 1975). Consequently, the judgment under review is affirmed.
We deem it appropriate however, in view of the apparent violation of the Disciplinary Rules, to remand the cause to the trial court for an inquiry into the extent of the practice of acting as both counsel and witness on the part of plaintiff's counsel and for referral by the judge of the county district court, if he deems it appropriate, to the Administrative Director of the Courts for appropriate disposition in accordance with R. 1:20.
We do not retain jurisdiction.
NOTES
[1] Regarding tenant-inflicted damage, the lease stated: "Costs of repairing tenant-inflicted damage or damage or economic loss caused by breach of this agreement will be added to next month's rent and be collectible as rent." With respect to attorney's fees, the lease stated: "Should it become necessary to file a dispossess proceeding because of the tenant's failure to pay the rent on time, a $15 attorney's fee shall be added to the rent due and be collectible as rent."