188 N.J. Super. 574 (1983)
458 A.2d 119
JACK L. WISSER, PLAINTIFF-RESPONDENT,
v.
KAUFMAN CARPET CO., INC., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 4, 1983.
Decided February 4, 1983.
*575 Before Judges BOTTER, POLOW and BRODY.
Richard P. Daingerfield argued the cause for appellant (Wilentz, Goldman & Spitzer, attorneys; Richard P. Daingerfield of counsel and on the brief).
*576 Marlene Yoskowitz argued the cause for respondent (Norman A. Cohen, attorney; Marlene Yoskowitz on the brief).
The opinion of the court was delivered by BRODY, J.A.D.
The question on this appeal is whether the statutory jurisdictional limit in the small claims division of the county district court of $1,000 "exclusive of costs" permits recovery as "costs" of punitive damages and reasonable attorney's fees allowed under the Consumer Fraud Act. We hold that in the small claims division the total recovery under the act for compensatory damages, punitive damages and reasonable attorney's fees may not exceed $1,000.
Plaintiff obtained judgment in the small claims division in the amount of $3,000 "plus $500 attorney's fees, plus costs of Court ($9.00)." The complaint demands "judgment ... for $1,000.00 upon the following claim: Failure to complete contract for delivery and installation of carpeting." Plaintiff had paid defendant the $1,000 as a deposit under a written contract for the purchase, delivery and installation of carpeting in plaintiff's home. At trial plaintiff was represented by counsel. Defendant appeared in the person of its vice-president and general sales manager William Liberman.
The dispute arose when defendant's installers arrived at plaintiff's home with the carpet but refused to install it. The refusal followed plaintiff's statement that he would have his check for the balance certified by the bank while the work was being done and would not turn it over until completion of the work. The contract provided in part: "On delivery only cash or certified check will be accepted." The installers took back the carpet.
Immediately before the trial, plaintiff's attorney without objection invoked the Consumer Fraud Act (the act), N.J.S.A. 56:8-1 et seq. A regulation promulgated thereunder, N.J.A.C. 13:45A-16.2(a)(6)(v), provides that in these circumstances it shall be unlawful for a seller to "request the buyer to ... make final *577 payment on the contract before the home improvement is completed in accordance with the terms of the contract." At the conclusion of the trial the judge found that defendant had made an unlawful demand for payment before installation and awarded plaintiff treble damages, reasonable attorney's fees and court costs pursuant to N.J.S.A. 56:8-19.
Defendant argues preliminarily that the installers did not demand payment in advance of completion, but only wanted assurance that plaintiff had the certified check in hand before they began installation. The judge's finding that defendant insisted on payment in advance of installation is based on sufficient credible evidence in the record and therefore will not be disturbed. Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474 (1974).
Defendant's main point is that the judgment exceeds the $1,000 statutory jurisdictional limit of the small claims division. Defendant is correct; the judgment must be reduced. N.J.S.A. 2A:6-43 establishes jurisdiction where the amount in dispute "does not exceed, exclusive of costs, the sum of $1,000.00."[1]N.J.S.A. 2A:6-44 provides that although "the amount really due or recoverable" exceeds this limit, a party may recover "a sum not exceeding $1,000.00 and costs" in the small claims division and this recovery will then bar recovery of the excess in any court.[2]
*578 No case has dealt with the question of whether "costs" in the small claims division may include treble damages and attorney's fees. However, Nieves v. Baran, 164 N.J. Super. 86 (App.Div. 1978), involved a Consumer Fraud Act judgment of treble damages and attorney's fees recovered in the county district court. The court disallowed the treble damages insofar as they exceeded the statutory jurisdictional dollar limit of the district court but permitted the judgment to exceed that limit to cover attorney's fees under the act.
The operative language of the statutes establishing the jurisdictional dollar limit of the county district court and the small claims division is virtually the same except for the amounts. Compare N.J.S.A. 2A:6-34(a), 35(a) with N.J.S.A. 2A:6-43, 44. We therefore apply to the small claims division the Nieves reasoning that the treble damages recovered under the act are encompassed in the phrase "the amount really due or recoverable" describing the jurisdictional limit of both courts.
However, we disagree with Nieves as to attorney's fees. We see no reason, at least in the small claims division, why attorney's fees recoverable under the act should be exempt from the limit. The only category of recovery not capped by the jurisdictional limit is "costs."
The term "costs" used in the small claims division jurisdiction statute[3] refers to costs authorized by N.J.S.A. 2A:18-69 and 70 which provide:

N.J.S.A. 2A:18-69. Costs

The actual cash disbursements of the prevailing party for any fees paid to the clerk and witness and officers' fees shall be allowed as costs.

N.J.S.A. 2A:18-70. Additional costs when frivolous or vexatious claim or defense made; collection.

*579 No costs, other than those mentioned in section 2A:18-69 of this title, shall be allowed either party, except by special order of the court. The court may, in its discretion, award costs, not exceeding $10, exclusive of or in addition to the cash disbursements, against a party, whether the prevailing party or not, who has set up a frivolous or vexatious claim or defense, and enter judgment and issue execution therefor, or set off the same against the amount recovered, as justice may require.
We read these statutes as limiting costs in the small claims division to statutory fees paid to the clerk, witnesses, and court officers, and by special order to a penalty not exceeding $10 against a party who has set up "a frivolous or vexatious claim or defense." Attorney's fees are not included in small claims division costs. This doubtless reflects the legislative expectation that in most cases parties in the small claims division will appear without counsel. The Supreme Court has accommodated that expectation by permitting corporations to appear in the small claims division without counsel. R. 6:11.
We do not mean to inhibit the legislative policy of awarding reasonable attorney's fees under the Consumer Fraud Act. That provision has the salutary purpose of promoting representation and therefore court access for consumer claims involving a minor loss to the individual plaintiff but a major gain to the community through ridding the marketplace of fraudulent and deceitful conduct. Thus, appropriate attorney's fees under the Act may be allowed without regard to the amount involved in the underlying dispute. Where recovery of a substantial counsel fee is in prospect, it is in keeping with legislative intent to require the action to be brought in a court where ample discovery opportunities are available and all parties are on notice that more is at stake than would be expected in the small claims division. See Andriola v. Galloping Hill Shopping Center, Inc., 93 N.J. Super. 196, 200-203 (App.Div. 1966).
The judgment is modified and entered in favor of plaintiff and against defendant in the amount of $1,000 together with costs in the amount of $9.
NOTES
[1] N.J.S.A. 2A:6-43 provides in relevant part:

The division of small claims of the county district court shall have jurisdiction of actions ... where the debt, balance, penalty or other contractual or negligence matter in dispute does not exceed, exclusive of costs, the sum of $1,000.00.
[2] N.J.S.A. 2A:6-44 provides in relevant part:

Where the debt, balance or other matter in dispute, or the amount really due or recoverable exceeds, exclusive of costs, the sum or value of $1,000.00, either plaintiff or defendant may recover in the division of small claims of the county district court a sum not exceeding $1,000.00 and costs, which recovery shall bar the recovery of the residue of such debt, balance or other matter in dispute in any court whatsoever.
[3] The term "costs" used by the county district court jurisdiction statute refers to costs authorized by Title 22A of the New Jersey Statutes Annotated. See University Court v. Mahasin, 166 N.J. Super. 551, 554 (App.Div. 1979). N.J.S.A. 22A:2-42 limits attorney's fees includable as costs to 5% of the first $500 of the judgment and 2% of any excess. That statute makes no reference to costs in the small claims division.