212 N.J. Super. 195 (1986)
514 A.2d 549
ADOLFO CRUZ, PLAINTIFF,
v.
MIKE REATIQUE, DEFENDANT.
Superior Court of New Jersey, Law Division, Special Civil Part, Passaic County.
Decided June 27, 1986.
*196 Andrew Marchisen, for plaintiff.
Otto F. Blazsek, for defendant.
CONN, J.S.C.
Does a landlord have the right to dispossess a janitor of an apartment building in order to gain possession of that particular apartment for himself?
N.J.S.A. 2A:18-61.1(m) permits the removal of a superintendent or janitor whose job is terminated and whose tenancy is conditioned on that employment:
The landlord or owner conditioned the tenancy upon and in consideration for the tenant's employment by the landlord or owner as superintendent, janitor or in some other capacity and such employment is being terminated.
The brief language aforesaid raises questions as to what facts are necessary to bring it into play. The issue raised, therefore, is whether paragraph (m) permits a landlord to dispossess a building employee for literally any reason, as long *197 as his job is terminated and the tenancy conditioned on that job. Plaintiff-landlord contends that the clear unequivocal language of the statute leaves no doubt.
Defendant-tenant resists on several grounds, one of which is that his original tenancy in the apartment in question was not conditioned on any building related employment; stating that his part-time services as a janitor came later on. He further contends that he is ready and willing to pay plaintiff-landlord the full rent for the apartment.
Plaintiff is the recent purchaser of an 18-unit apartment house. Defendant has been a resident for many years and over the last few years, took on part-time janitorial duties with the former landlord. The proofs show that defendant first lived in a one-bedroom apartment; thereafter moved to a two-bedroom apartment on the second floor where he and his family are today. On accepting the janitor job, long after moving into the two bedroom apartment, defendant received a reduction in rent. At the time of the purchase of the property by plaintiff, defendant was paying $200 a month for the apartment and the use of a garage. An identical two-bedroom apartment rents for $289 a month and a garage for $30 a month; the remuneration to defendant for these services therefore being equal to $119 a month at the time plaintiff became the owner.
Plaintiff terminated defendant's job after purchasing the building and immediately served a notice on him seeking possession of his apartment; the language in said notice referring to the terminated job. Upon receipt, defendant offered to pay the full rent of $319 a month.
The landlord testified that there were conditions present in the building that were brought to his attention at and prior to the signing of the contract for the purchase of the building with which he was concerned. He referred to tenants that were operating a babysitting business in the building, tenants using various driveway areas for car washing and car repairs, tenants *198 improperly obtaining electricity by running extensions into the garage area, etc.
While plaintiff also attempted to show that he was planning to take on the janitorial services himself, the evidence involving the building, reference to a brother of plaintiff who was temporarily living and working in the building and a memo submitted on behalf of plaintiff, persuades the court that his real purpose in moving into the apartment was apparently to take control of the aforesaid tenant activities. Although not specifically argued, one could conclude that landlord is claiming that such "taking control" is equivalent to a building related duty and thus comes within the purview of paragraph (m).
The court rejects such a contention primarily for the reason that such a concern cannot be equated with ongoing building related duties. Furthermore, there is nothing that indicates a landlord's presence in the premises could in any way impact on activities of tenants that are either proper or improper. In short, such activities, if wrongful, can be easily addressed whether a landlord resides in the premises or not.
In determining the legislative intent as to paragraph (m), the court is mindful of another paragraph in the same section of the act, N.J.S.A. 2A:18-61.1(l)(3) that limits a landlord's right to evict a tenant in order to obtain possession for himself, to those premises with three residential units or less. Under the facts of this case, that section would be an absolute bar to plaintiff's action unless paragraph (m) applies.
Cases addressing the Anti-Eviction Act (N.J.S.A. 2A:18-61.1 et seq.) are numerous and tend to iterate two fundamental concepts; one being the public purpose of protecting the rights of tenants and the other, enforcing landlords' rights, indicating that the statute is in derogation of the common law and thus must be strictly construed. See, e.g., Morristown Memorial Hospital v. Wokem Mortgage & Realty, 192 N.J. Super. 182 (App.Div. 1983), Bradley v. Rapp, 132 N.J. Super. 429 (App.Div. 1975), and Harden v. Pritzert, 178 N.J. Super. 237 (App.Div. *199 1981). Although the case law is considerable, no reported decision has been found addressing this precise issue. In addition to the paragraphs under N.J.S.A. 2A:18-61.1 referred to, it is important to note that the Anti-Eviction Act has specific notice requirements for the various grounds for removal of residential tenants. See N.J.S.A. 2A:18-61.2. The notice requirement for the removal of a janitor/superintendent is a three-day notice. All of the other grounds for removal require at least one-month's notice with the exception of those that are based on tenant impropriety.
It is inconceivable that the Legislature intended the removal of a janitor or superintendent for any reason whatsoever while at the same time requiring only a three-day notice. The court is satisfied that the purpose of paragraph (m) was to permit a landlord to promptly provide living space for a new building-related employee, whether it be a superintendent or a janitor, where the employment calls for that person's presence in the building. In the case at bar, there is nothing in the proofs that indicates such a need and the alleged need of controlling tenants cannot be equated with a building-related duty.
Furthermore, the court is satisfied that the requirement in paragraph (m) that the tenancy be conditioned on the employment in question requires that such employment and the providing of living space be simultaneous. Thus, in the case of a building-related employment that is created with a tenant already in possession of living space that is subsequently sought in a dispossess action under paragraph (m), the offer by such tenant to pay the full rental should bar such an action. A person already in possession who thereafter accepts some building-related duties cannot reasonably be expected to appreciate the fact that he could be dispossessed if his job is terminated. Not so with an employee brought in specifically for such duties. It would be reasonable to expect such an employee to be *200 compelled to leave in order to permit the landlord to have someone else carry out said duties.
For all the reasons stated, plaintiff's action is dismissed. Defendant is directed to pay rent in the amount of $319 a month effective April 1986.