SPRUCE PARK APARTMENTS, PLAINTIFF, v. CHARLES BECKETT, DEFENDANT.

Superior Court of New Jersey
Law Division Essex County

Decided November 4, 1988.

*Jeffrey R. Kuschner,* for the plaintiff.
*Richard Ringle,* for the defendant.

## OPINION

The opinion of the court was delivered by

FAST, J.S.C.

The plaintiff-landlord commenced this action pursuant to *N.J. S.A.* 2A:18–61.1(m) to evict the defendant-tenant by summary dispossess proceedings. That statutory section, in substance, allows the summary dispossession of a tenant who was formerly employed by a landlord where the tenancy was conditioned upon and in consideration of the employment. Defendant had been employed as a building superintendent by plaintiff, but the employment was terminated. Defendant was served with the requisite notice to quit and to vacate pursuant to *N.J.S.A.* 2A:18–61.2.

Defendant has raised two defenses which are heretofore unreported in New Jersey. Those defenses are:

1) Defendant has contested the termination of his employment, and that matter is now proceeding with the National Labor Relations Board (N.L.R.B.). He therefore suggests that this eviction action should be stayed until the resolution of his claim of wrongful termination. This defense is based on the

premise that if the termination of employment was wrongful, then the termination of the tenancy was not based upon a proper foundation and therefore at the proper time, this eviction action should then be dismissed.

2) Defendant had been a tenant at another location (New York) owned or managed by plaintiff. Defendant moved to this apartment in connection with a promotion in his job. The compensation to defendant included this apartment, rent free. Further, the uncontradicted testimony in behalf of defendant was that if his employment were terminated, he would be able to continue his tenancy, albeit in one of the New York apartments, on a rent paying basis. He argues that his situation is within the considerations and rationale of *Cruz v. Reatique*, 212 *N.J.Super.* 195 (Law Div.Spec.Civ.Pt.1986), and that therefore the complaint should be dismissed.

This court rejects both defenses and will enter a judgment for possession.

Plaintiff emphasizes that the relief afforded to landlords by way of summary actions for possession was intended to provide a speedy recovery of rental premises. *Newark Housing Auth. v. West*, 69 *N.J.* 293, 300 (1976); *Fargo Realty, Inc. v. Harris*, 173 *N.J.Super.* 262 (App.Div.1980). Defendant emphasizes the legislative purpose behind the eviction laws, as stated in *N.J.S. A.* 2A:18–61.1a(d), to wit,

> ... to maintain for citizens the broadest protections available under State eviction laws to avoid such displacement and resultant loss of affordable housing ...

This court finds that if a plaintiff has a right to possession pursuant to any of the grounds stated in *N.J.S.A.* 2A:18–61.1, then the summary eviction process is proper. The protection of a tenant's rights was never intended to be a denial of a landlord's rights as defined by the legislature. The "... State eviction laws [are] designated [*sic*] to fairly balance and protect rights of tenants and landlords." *N.J.S.A.* 2A:18–61.1a(b).

To implement the concept of speedy relief, the Supreme Court adopted *R.* 6:3–4. It prohibits the joinder of other causes of action, counterclaims or third-party complaints with a summary action for possession. The result is to eliminate the additional time inherent in other claims being joined with this type of action. Technically, staying this action while awaiting the resolution of the N.L.R.B. action would not be a joinder, but it would have the same effect. The delay of determining the instant action pending resolution of the administrative action would negate the legislative purpose of a speedy determination.

*N.J.S.A.* 2A:18–60 and *R.* 1:13–4 provide for the transfer of actions in the discretion of the trial court in appropriate circumstances. However, I find that this is not an appropriate case for transfer, any more than for a stay, for the following reasons:

First, defendant's objective is a delay in the determination of this action, rather than a transfer to resolve all issues in one action, where this court would otherwise be without jurisdiction as to those other issues. *R.* 6:3–4. I am confident that the N.L.R.B. would not adjudicate the issue of possession, and defendant has elected to pursue his remedy in the N.L.R.B., rather than in the state courts which have the jurisdiction to determine wrongful termination from employment, as well as this eviction action. *Cf. Carr v. Johnson,* 211 *N.J.Super.* 341 (App.Div.1986).

Second, I perceive the rationale for the transfer pursuant to *N.J.S.A.* 2A:18–60 and *R.* 1:13–4 to be that where the reason for transfer relates essentially to the relationship of landlord-tenant, all matters should be resolved in one action. Examples of those reasons include the determination of a proper rent (*e.g.,* issues of reasonableness under *N.J.S.A.* 2A:18–61.1i, or unconscionableness under *N.J.S.A.* 2A:18–61.1f), relating to title, *see N.J.S.A.* 2A:18–52, or for the other reasons suggested in *Morrocco v. Felton,* 112 *N.J.Super.* 226, 235–236 (Law Div.1970). Here, the issues involved in the N.L.R.B. proceedings are not essentially related to the landlord-tenant relationship, although

the landlord-tenant relationship arose out of the employment relationship. And again for emphasis, no transfer at this point could resolve all issues in one action.

The testimony in behalf of defendant was that he was promised an apartment managed by plaintiff in New York if his employment were terminated here. That testimony significantly distinguishes the instant case from *Cruz v. Reatique,* 212 *N.J.Super.* 195 (Law Div.Spec.Civ.Pt.1986), upon which defendant relies and upon which the second defense stated above was based. Defendant may have an enforceable right to housing from this plaintiff in New York, but that is beyond the jurisdiction of this court.

This court has the jurisdiction to exercise equitable powers as a matter of defense. One equitable consideration militating against equitable relief to defendant is that the legislature has provided tenants with a remedy where a landlord has caused a tenant to vacate premises wrongfully. See *N.J.S.A.* 2A:18–61.- 6a *et seq.* which does not have a specific provision relating to the eviction of a former employee [see *N.J.S.A.* 2A:18–61.1m], although it may be included in subsection d(3), or the remedy may be pursued at common law. I note further that *N.J.S.A.* 2A:18–61.6 does not require a judgment for possession, or that a judgment for possession will constitute a defense to a later suit by a tenant for a wrongful eviction. I find that the consequence of these observations is that plaintiff is entitled to a judgment for possession by virtue of *N.J.S.A.* 2A:18–61.1m, and that plaintiff may likewise be subject to a later action for damages if this eviction has been determined to have been wrongful. Further, I suggest, the judgment of possession now being entered herein will not constitute *res adjudicata* in that action. *C.F. Seabrook Co. v. Beck,* 174 *N.J.Super.* 577 (App. Div.1980).

I further find that to require plaintiff both to accept defendant as a tenant and to cooperate in having defendant certified for H.U.D. rental subsidies [without which defendant would not be able to afford the rent in this complex] would be to exercise

*affirmative* equitable powers in behalf of defendant. This this court cannot do. *Id.* Even if this court had affirmative equitable powers, it simply would not be equitable to require plaintiff to accept this defendant as a tenant at the subject location where the uncontradicted testimony was that plaintiff had agreed to house this defendant in New York, rather than here.

Judgment for possession is hereby entered. Defendant may apply for a statutory hardship stay, provided that all statutory requirements therefor have been, or will be, satisfied at the time of the application for such a stay (especially the payment of the market rent). Likewise, if defendant prevails in the N.L.R.B. proceedings before the actual eviction resulting from the judgment in this case, I will consider an application for temporary relief on equitable terms.

The money now on deposit as a consideration of the adjournment heretofore granted will be released to plaintiff for the use and occupation of the apartment by defendant.