253 N.J. Super. 507 (1991)
602 A.2d 304
VILLAGE ASSOCIATES, PLAINTIFF,
v.
SIMON PEREZ, DEFENDANT.
Superior Court of New Jersey, Law Division Middlesex County.
Decided November 25, 1991.
*508 James A. Kovach, for plaintiff (Carracino & Kovach).
Paul V. Mullin, for defendant (Middlesex County Legal Services).
MATHIAS E. RODRIGUEZ, J.S.C.
Simon Perez was employed as a maintenance worker at the apartment complex owned by the plaintiff since August 1983. In September 1988, Mr. Perez and his family moved into a regular two-bedroom apartment at the complex. Because of his status as an employee, he was given a 25% discount on his rental.
Mr. Perez's duties were not affected by his moving into the apartment, although it would be reasonable to infer that his availability for emergency work was enhanced.
On April 1, 1991, Mr. Perez was notified that his position was eliminated by the employer-plaintiff for "administrative reasons" and that his employment would cease on April 30, 1991. At the same time, his tenancy was terminated as of June 30, *509 1991, and he was notified that for the month of May 1991 the discount would be applied, but the regular rental of $635 would be due and payable for the month of June 1991. On July 1, 1991, a notice to quit was served upon Mr. Perez and subsequently this action for possession of the apartment was filed by the plaintiff.
Summary dispossess actions are statutory proceedings and, therefore, the grounds for removal of a tenant by a landlord are very specific and limited, except in owner occupied premises with no more than two rental units. NJSA 2A:18-61.1 et seq.
In this matter, the landlord has proceeded under NJSA 2A:18-61.1(m). It is stipulated by the parties that no other grounds exist for a termination of the tenancy.
The pertinent section of the statute [NJSA 2A:18-61.1(m)] reads as follows:
"No ... tenant ... may be removed by the County District Court or the Superior Court from a house, building ... or tenement leased for residential purposes, other than owner occupied premises with not more than two rental units ... except upon the establishment of one of the following grounds as good cause:
(m) the landlord or owner conditioned the tenancy upon and in consideration for the tenant's employment by the landlord or owner as superintendent, janitor or in some other capacity and such employment is being terminated;"
Courts must strictly construe the Summary Dispossess Statute. The Courts must afford landlords an expeditious, inexpensive and effective process to regain possession of demised premises in a summary proceeding while protecting tenants from arbitrary and capricious evictions.
The Courts have always demanded strict compliance with the terms of the statute. Any "departure therefrom, invariably results in dismissal of the action." Carteret Properties v. Variety Donuts, Inc., 49 N.J. 116, 123, 228 A.2d 674 (1967). Further, in interpreting any lease provision, any ambiguities are to be resolved in favor of the tenant.
"The rule of construction favoring the tenant is particularly strong when resolution of ambiguous language against him will result in a forfeiture of his estate." Id. at 127, 228 A.2d 674.
*510 Cruz v. Reatique, 212 N.J. Super. 195, 514 A.2d 549 (1986) held that in order for paragraph "(m)" to apply the employment and the provision of living space to the employee must be simultaneous. This principle is as applicable in this matter, where the living space was provided five years after the employment commenced as in the situation in Cruz where the employment commenced several years after the tenancy was created.
The test of the applicability of paragraph "(m)" must be that the provision of living space to the tenant was part of the consideration for the employment contract between the landlord and the tenant and that the tenancy was created only because of the employment contract.
The facts of this case unequivocally leads to the conclusion that NJSA 2A:18-61.1(m) is inapplicable. There is no evidence from the facts that the tenancy was in consideration of employment or that it was created as a result of the employment relationship. Therefore, the complaint for possession is dismissed.