**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0973-17T2

WATERSIDE PLAZA APTS., LLC,

    Plaintiff-Appellant,

v.

EDWARD BRAND and MADELYN
OQUENDO,

    Defendants-Respondents.

_____

Submitted October 1, 2018 – Decided October 11, 2018

Before Judges Sabatino and Mitterhoff.

On appeal from Superior Court of New Jersey, Law Division, Special Civil Part, Bergen County, Docket No. LT-6049-17.

Wilf Law Firm, LLP, attorneys for appellant (Mark A. Rothberg, on the brief).

Respondents have not filed a brief.

PER CURIAM

In this unopposed appeal, a residential landlord seeks reversal of the trial court's denial of its claim for $150 in counsel fees and court costs from tenants who were delinquent with their rent payments. Because the landlord's right to counsel fees in these circumstances as a component of the overdue "rent" was clearly expressed in the lease, and the amount sought is reasonable, the governing law supports a fee award. Accordingly, we reverse the trial court's denial of fees.

The facts pertinent to this appeal are relatively straightforward. Plaintiff Waterside Plaza Apartments, LLC ("the landlord") is the owner of Waterside Village, an apartment complex in Little Ferry. In May 2010, the landlord entered into a written lease with defendants Edward Brand and Madelyn Oquendo ("the tenants"). The lease was renewed annually. As of July 2017, the monthly rent was $1,532.42.

The tenants have been repetitively late with their rent payments. The rent ledger shows the tenants have been subject to late fees, bounced check charges, and other costs nearly every month from January 2015 to the time of the present case. This is the eighth time the tenants have been in litigation with the landlord since 2015.

A-0973-17T2

In August 2017, the landlord filed a summary dispossess complaint in the Special Civil Part, noting defendants had not paid the base rent due for July and August 2017. In addition to the overdue rent, the landlord also sought a $50 late fee for each of these two months, plus $150 in counsel fees, $58 in court costs, and a $20 increase in the security deposit. The next monthly rent was due on September 1, 2017. The complaint notified the tenants they needed to pay a grand total of $3,391.50 if the case was scheduled for trial before September 1, or $4,923.92 if the trial date was after September 1.

On August 31, 2017, the landlord's counsel and defendant Brand appeared in the Special Civil Part on the scheduled trial date. Brand represented to the judge he had already paid the July rent. He also was willing to tender the August rent and the late fees prescribed by the lease, but was unwilling to pay the $150 in counsel fees sought by the landlord.

The landlord's counsel fee request is based on the following provision in paragraph 21 of the lease:

> Landlord shall be entitled to damages from Tenant for any breach of the terms of this Lease. Rent and additional rent for the unexpired lease is due and payable upon termination. Damages shall include reasonable attorney's fees and costs incurred by the Landlord in filing a lawsuit against Tenant. When Landlord has sued Tenant for nonpayment of rent, in no event shall the attorney's fees be less than $150.00.

3

These charges shall be collectible as additional rent. ALL PAYMENTS AFTER FILING OF A LAWSUIT MUST BE MADE BY CERTIFIED CHECK OR MONEY ORDER.

The landlord contends this provision is unambiguous and should be enforced, despite the tenants' tender of the overdue base rent and late charges.

The trial court dismissed the summary dispossess case pursuant to N.J.S.A. 2A:18-55, which allows a residential tenant to be protected from eviction if he or she pays the rent arrears due before the entry of final judgment. The judge initially denied the landlord's counsel fee request on procedural grounds, observing that such a fee claim was inappropriate to adjudicate in a summary dispossess action and instead had to be pursued by the landlord in a separate lawsuit in the Small Claims Division of the Special Civil Part.

The landlord moved for reconsideration of the denial of the fee claim, submitting to the trial court authority for the recovery of such fees in a summary dispossess action. The trial court again rejected the fee claim. In a written rider in support of its decision, the court reiterated its procedural finding that the landlord could not recover counsel fees in a summary dispossess case and had to file a separate case to obtain the fees. In addition, the court substantively concluded that the fee request is contrary to N.J.S.A. 2A:18-55. The court reasoned that, since a tenant in default in rent can pay the arrears before the

entry of final judgment, then "[a]fter this occurs, all the proceedings are stopped, and the case is dismissed." Because the base rent arrears were tendered in this case, before the entry of final judgment, the court found the landlord's fee claim invalid.

On appeal, the landlord argues the trial court's procedural and substantive rulings are incorrect. Its brief on appeal provides contrary legal authority not discussed by the trial court. Those citations, as well as other authority, compel reversal of the trial court's decision.

A key objective of the summary dispossess statute is to provide landlords with a "swift and simple method of obtaining possession" of the premises. Benjoray, Inc. v. Academy House Child Dev. Ctr., 437 N.J. Super. 481, 486 (App. Div. 2014); see also Hous. Auth. of the City of Newark v. West, 69 N.J. 293, 300 (1976). The summary procedure allows landlords to avoid delays that often occur in common law ejectment actions. Hodges v. Sasil Corp., 189 N.J. 210, 221 (2007). Thus, possession of the premises generally is the only available remedy in a summary dispossess action; money damages are not recoverable. Ibid.

Despite the narrow scope of summary dispossess cases, our courts have permitted landlords to recover counsel fees and court costs in such proceedings,

under certain conditions. The Supreme Court has held that reasonable counsel fees and damages may be recovered as rent in a summary dispossess proceeding, but only if they are expressly provided by the written lease. Cmty. Realty Mgmt., Inc. v. Harris, 155 N.J. 212, 234 (1998). In Community Realty, the lease specified that "monies due the landlord for damages, reasonable attorney fees, and costs connected with the damage claims 'become charges due in addition to rent.'" Id. at 234-35. The Court interpreted this term of the lease as evidence the parties contemplated counsel fees would be considered additional "rent," recoverable by the landlord in a summary dispossess proceeding. Id. at 235.

Our court likewise has recognized this principle. In University Court v. Mahasin, 166 N.J. Super. 551, 553 (App. Div. 1979), the tenant failed to pay rent for two months. When she tendered at trial the two months of rent owed, the landlord claimed that she was also required to pay an attorney's fee in order to cure her default. Ibid. We held in Mahasin that, when expressly provided by a written lease, a reasonable attorney's fee incurred by the landlord in bringing a summary dispossess action for nonpayment of rent may "be contracted to be considered additional rent, for the purposes of the summary dispossess act." Id. at 554 (quoting Trenton Hous. Auth. v. Green, 118 N.J. Super. 544, 545 (App. Div. 1972)). See also Mury v. Tublitz, 151 N.J. Super. 39 (App. Div. 1977)

6

(enforcing a lease provision requiring a tenant to pay, as additional rent, reasonable attorney's fees and other expenses incurred in a nonpayment suit or dispossess proceeding).

The statutory definition of "rent" is "the amount currently payable by the tenant to the landlord pursuant to lease or other agreement . . . [.]" N.J.S.A. 2A:18-61.16a. In the absence of contravening public policy, the parties to a lease are free to define "rent" as they choose. Fargo Realty, Inc. v. Harris, 173 N.J. Super. 262, 266 (App. Div. 1980). The function of a court is to enforce the lease as it is written. We cannot make a different or better contract than the parties entered into themselves. See also Cypress Point Condo Ass'n, Inc. v. Adria Towers, L.L.C., 226 N.J. 403, 415 (2016); 22 Raymond I. Korona, New Jersey Practice Series, Landlord and Tenant Law, § 10.1. (5th ed.).

The critical question, therefore, is whether the parties' lease has made sufficiently clear that "rent" is defined to include not only overdue monthly lease payments, but also counsel fees and other associated costs incurred by a landlord. See R. 6:3-4(c) (noting that "[t]he amount of rent owed for purposes of the dispossess action can include only the amount that the tenant is required to pay by federal, state or local law and the lease executed by the parties") (emphasis added). If the lease clearly includes counsel fees in the definition of

rent, then, as the case law we have cited instructs, the court may award such reasonable fees to the landlord. On the other hand, where the lease requires the tenant to pay legal fees and other costs but does not characterize those expenses as "rent" or as "additional rent," the landlord must seek a money judgment in a separate breach of contract suit. See Mahasin, 166 N.J. Super. at 555; Fargo Realty, 173 N.J. Super. at 267; 23A Korona, New Jersey Practice Series, Landlord and Tenant Law, § 43.2. (5th ed.).

The trial court erred in failing to recognize that the terms of the lease in this case plainly include counsel fees, which shall not be "less than $150.00," as a component of the rent due from the delinquent tenant. The terms of the lease, as written in this case, meet the standards for the recovery of a fee award. Hence, the arrears amount tendered by the tenants under N.J.S.A. 2A:18-55 to preserve the tenancy needed to include the unpaid counsel fee.

The trial court also erred in ruling that the landlord needed to file a separate proceeding in the Small Claims Division to recover counsel fees. As the Supreme Court explicitly instructed in Community Realty, 155 N.J. at 234, the fees may be recovered in a summary dispossess proceeding, provided they are defined as a component of "rent" in the lease.

Lastly, we underscore that the $150.00 amount of counsel fees sought by the landlord here has not been alleged or shown to be excessive or unreasonable. That is particularly clear in light of these tenants' chronic history of non-payment and late payment, and the landlord's need to bring successive court actions to recover from them the bargained-for rent. Although the record contains no certification of the landlord's attorney's services with hourly billings, the tenants have not filed a brief on appeal arguing the $150 charge is unreasonable. We need not, and do not, address here whether a higher fee would have been reasonable and enforceable. The recovery of court costs is also justified under the terms of the lease.

Reversed. The judgment of the trial court shall be modified forthwith to include the unpaid counsel fees and court costs.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0973-17T2