**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1480-19

JASSMEN ELBEGDAD,

    Plaintiff-Appellant,

v.

EHSAN MALIK,

    Defendant-Respondent.

_____

        Submitted October 25, 2021 – Decided November 8, 2021

        Before Judges Sabatino and Natali.

        On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. SC-1264-19.

        Jassmen Elbegdad, appellant pro se.

        Respondent has not filed a brief.

PER CURIAM

    In this unopposed appeal, plaintiff contests the trial court's dismissal of her complaint in the Special Civil Part, which sought an order compelling the return of her security deposit from her former landlord and related relief

pursuant to the Security Deposit Act ("SDA"), N.J.S.A. 46:8-19 to -26. The trial court dismissed her Special Civil Part action on the rationale that the Entire Controversy Doctrine ("ECD") required her to litigate the security deposit claim in an earlier summary dispossession action that her landlord brought to evict her.

Because the trial court's application of the ECD in this context was contrary to the "no-joinder" mandate of Rule 6:3-4(a) governing summary dispossession cases, and also was inequitable, we reverse.

The pertinent chronology can be briefly summarized. Plaintiff Jassmen Elbegdad ("the tenant") leased an apartment unit from defendant Ehsan Ullah Malik ("the landlord") in Jersey City. The apartment was located in the basement of the landlord's building. The tenant encountered numerous problems with the apartment's condition, and reported the problems to the municipal housing agency. The agency investigated the unit and concluded it was an illegal basement apartment in violation of the local ordinance.

After the illegality of the unit was revealed, the landlord brought a summary dispossession complaint against the tenant in the Landlord Tenant

("LT") docket of the Special Civil Part (Docket No. HUD-LT-6709-19).[1]  Both the landlord and the tenant in that LT case were represented by counsel.

The LT case was resolved through a consent judgment filed on July 29, 2019.  In that consent judgment, the tenant agreed to move out by a specified date.[2]  The judgment also included handwritten language requiring the landlord to pay the tenant the sum of $8100 that day, which comprised relocation assistance prescribed by N.J.S.A. 2A:18-61g (entitling a tenant evicted from an illegally occupied unit to be paid relocation costs in "an amount equal to six times the monthly rental").

The tenant moved out of the apartment on September 1, 2019.  Thereafter, the tenant (who was at this point self-represented) filed a complaint in the Special Civil Part under Docket No. HUD-SC-1264-19 ("SC action") to recover her security deposit and other relief under the SDA.  The landlord, who was also now self-represented, appeared in opposition to the SC complaint.  He informed the court that he had paid the tenant the relocation costs ordered under the consent judgment, and that she had cashed the check.  The landlord also

---

[1] The handwritten LT docket number on the photocopied consent judgment supplied to us in the record is faint.

[2] The handwritten date is illegible on the copy supplied.

3

explained that he had not returned the security deposit to the tenant because she had not left him a forwarding address.

The Special Civil Part judge did not continue hearing further testimony about the security deposit because he perceived that the consent judgment in the LT matter "contemplate[d] everything" between the parties. The judge observed that the security deposit issue "should have all been decided . . . in one matter" along with the summary dispossession claim.

The tenant told the judge that her lawyer who represented her in the LT case had advised her she "could file for [her] security deposit" after the LT case concluded. The judge was unpersuaded by this, and ruled that the ECD precluded the tenant from bringing a subsequent SC action for her security deposit. The judge found that there was a "contemplation of finality" involving the exchange of money, and that the consent judgment in the LT action barred further proceedings in an SC action.

This appeal by the tenant ensued. She seeks to restore her SC action. We agree with her that the trial court mistakenly applied the ECD to bar her SC complaint for the security deposit.

Rule 6:3-4(a), which governs summary actions by landlords for the possession of premises, mandates that such summary dispossession actions

4

"shall not be joined with any other cause of action, nor shall a defendant [tenant] in such proceedings file a counterclaim or third-party complaint." This no-joinder provision is designed to provide "speedy relief" to landlords entitled to possession of their premises, and "eliminate the additional time inherent in other claims being joined with this type of action." Spruce Park Apartments v. Beckett, 230 N.J. Super. 311, 315 (Law Div. 1988).

Given the no-joinder provision, the trial court erred in reasoning that the tenant was permitted to file her security deposit claim within the LT case. Although we are unsure how or why the parties included the relocation monies within the LT consent judgment, that did not expand the jurisdiction of the LT court to adjudicate the security deposit claim. Indeed, the security deposit claim would not ripen under the SDA until thirty days after the tenant ultimately vacated the premises in September. N.J.S.A. 46:8-19(c).

In addition, under these circumstances in which the tenant asserted under oath that she had been assured by counsel in the LT case that her security deposit refund could be addressed in a later proceeding, it would be inequitable to deny her a forum for that claim. As the Supreme Court has instructed, the ECD should not be applied in an inequitable manner. Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 114 (2019).

Reversed and remanded.  We do not retain jurisdiction.  The SC case is reinstated for disposition on the merits.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1480-19