161 N.J. Super. 414 (1978)
391 A.2d 984
PAUL POROZNOFF, PLAINTIFF,
v.
JOSEPH ALBERTI, RONALD R. GRAHAM AND PASSAIC Y.M.C.A., DEFENDANTS.
Superior Court of New Jersey, District Court, Passaic County.
July 13, 1978.
*415 Mr. Robert J. Smolski for plaintiff (Passaic County Legal Aid Society).
Mr. Nicholas Martini for defendants.
REISS, P.J.D.C.
This case raises an issue of first impression in this state whether a guest or roomer in a hotel, motel *416 or guest house[1] may be dispossessed from his room without resort to legal process.

I
The facts appear to be uncontroverted. Plaintiff was living in a room at the Young Men's Christian Association in the City of Passaic (hereinafter Y.M.C.A.) on a week-to-week basis. During the week of June 5, 1978 plaintiff became drunk and disorderly, was arrested by the local police and subsequently released. Returning to the Y.M.C.A., plaintiff found his room locked and was told not to re-enter the building.
Plaintiff, represented by Legal Aid, moved at an order to show cause hearing to be allowed to re-enter his room. Also, he filed a complaint for recovery of possession or treble damages pursuant to N.J.S.A. 2A:39-8 ("Forcible Entry and Detainer").
Plaintiff did not appear to dispute the grounds for removal, but rather the method used by the agents for the Y.M.C.A. Plaintiff argues that the "lock-out" or self-help remedy employed by the Y.M.C.A. is violative of the legal procedures for eviction as mandated by N.J.S.A. 2A:18-61.1 and N.J.S.A. 2A:18-53 et seq.
Defendant, however, submits that the Y.M.C.A. is in the category of a hotel, motel or guest house and is excluded from the provisions of N.J.S.A. 2A:18-61.1 and N.J.S.A. 2A:18-53.

II
A dispossess action is initially governed by N.J.S.A. 2A:18-61.1 et seq., which establishes guidelines for the removal *417 of resident tenants "from any house, building, mobile home * * * or tenement leased for residential purposes, other than * * * a hotel, motel or other guest house or part thereof rented to a transient guest or seasonal tenant * * *." (Emphasis supplied.)
If the Y.M.C.A. were deemed to be a multiple-dwelling apartment operation falling within N.J.S.A. 2A:18-61.1, then any lawful lock-out must conform to the appropriate judicial procedures provided by statute. Inasmuch as counsel for both parties conceded that the Y.M.C.A. was not an apartment house, further inquiry into this status is unnecessary. Now in order for the Y.M.C.A. to be contemplated as a hotel the next appropriate statute should be reviewed.
N.J.S.A. 2A:18-53 provides:
Except for residential lessees and tenants included in [N.J.S.A. 2A:18-61.1] any lessee or tenant at will or sufferance, or for a part of a year * * of any houses, buildings, lands or tenements, * * may be removed from such premises by the county district court * * * in the following cases:
* * * * * * * *
c. Where such person (1) shall be so disorderly as to destroy the peace and quiet of the landlord or other tenants or occupants living in said house or neighborhood * * and shall hold over and continue in possession of the demised premises * * after the landlord or his agent * * has caused a written notice of the termination of said tenancy to be served upon said tenant and a demand that said tenant remove from said premises within 3 days from the service of such notice.
The distinguishable words of this statute are "lessee" and "tenant." Can a week-to-week resident of a Y.M.C.A. be designated a "lessee" or "tenant" for the purpose of the summary dispossess statute N.J.S.A. 2A:18-53? Plaintiff's attorney stated that while plaintiff could be so qualified, this distinction was not the issue before the court.
Plaintiff's attorney submitted that it makes no difference whether plaintiff was staying at a hotel or in an apartment. Indeed, as indicated earlier, plaintiff's attorney admitted that *418 the Y.M.C.A. was, in this case, operating as a hotel and not as an apartment building.
Plaintiff's argument essentially rested upon his action at law under the forcible entry and detainer statute, N.J.S.A. 2A:39-1, which states:
No person shall enter upon or into any real property or estate therein and detain and hold the same, except where entry is given by law, and then only in a peaceable manner. With regard to any real property occupied solely as a residence by the party in possession, such entry shall not be made in any manner without the consent of the party in possession unless the entry and detention is made pursuant to legal process as set out in N.J.S. 2A:18-53 et seq. or 2A:35-1 et seq.
Plaintiff's position, then, was that he was a party in possession of his residence at the Y.M.C.A. and, despite any distinction between hotel rooms or apartments, his residence was entered in violation of the forcible entry and detainer statute.
The distinguishable words in this statute are "residence" and "possession." Was plaintiff a resident at the Y.M.C.A. or a "party in possession," within the meaning of the forcible entry and detainer statute? And was he a lessee or tenant for the purposes of N.J.S.A. 2A:18-53?

III
Resolution of these questions initially hinges upon a determination of whether the Y.M.C.A. was a hotel or an apartment building.
The Hotel and Multiple Dwelling Law defines the term "hotel" as
* * * any building * * which contains 10 or more units of dwelling space or has sleeping facilities for 25 or more persons and is kept, used, maintained, advertised as, or held out to be, a place where sleeping or dwelling accommodations are available to transient or permanent guests. [N.J.S.A. 55:13A-3(j)]
*419 A multiple dwelling on the other hand, means
* * * any building * * * in which three or more units of dwelling space are occupied * * * by three or more persons who live independently of each other, provided, that this definition shall not be construed to include any building or structure defined as a hotel in this act, or, registered as a hotel with the Commissioner of Community Affairs..., or occupied or intended to be occupied exclusively as such; * *. [N.J.S.A. 55:13A-3(k)]
Therefore, if a Y.M.C.A.,
1. maintains, advertises or holds itself out as a hotel i.e. a place where sleeping accommodations are available to transient or permanent guests; and
2. the contractual arrangement or understanding between the parties is that of an innkeeper and guest; and
3. the Y.M.C.A. is occupied or is intended to be occupied as a hotel, and
4. the Y.M.C.A. is registered with the Commissioner of the Department of Community Affairs as a hotel,
then it is indeed a hotel.
With this point established, the question then arises whether a guest occupying a hotel has the same legal relationship with his innkeeper, as a tenant does with his landlord. The leading New Jersey case on this is Johnson v. Kolibas, 75 N.J. Super. 56 (App. Div. 1962), certif. den. 38 N.J. 310 (1962). There the court stated:
The chief distinction between a tenant and a lodger or roomer lies in the character of their possession. The criterion is the right of exclusive possession. While the tenant has exclusive legal possession of the premises, the lodger only has the right to use the premises, subject to the landlord's retention of control and right of access to them. [75 N.J. Super. at 62-63]
This distinction is upheld in the majority of other jurisdictions. The lodger, or roomer, or guest is a mere licensee and only has a right of use of the room he occupies. However, the tenant has the more substantial estate and the law gives him the right of exclusive possession and control *420 for the term of his leasehold. See Viking Motor Lodge Ass'n v. American Tobacco Co., 286 Ala. 112, 237 So.2d 632 (Sup. Ct. 1970); Rocoff v. Lancella, 251 N.E.2d 582 (Ind. App. 1969); Buck v. Del City Apartments, 431 P.2d 360 (Okl. 1967); Green v. Watson, 224 Cal. App.2d 184, 36 Cal. Rptr. 362 (D. Ct. App. 1964). In Connecticut this distinction between a tenant and a lodger was held to be a substantial one: "The tenant may maintain ejectment, quare clausum fregit, and trespass. The lodger may not." Mathews v. Livingston, 86 Conn. 263, 85 A. 529, 531 (Sup. Ct. Err. 1912). See Roberts v. Casey, 36 Cal. App. Supp.2d 767, 93 P.2d 654, 657 (D. Ct. App. 1939).

IV
Even though New Jersey case law clearly distinguishes the relationship between a guest and a tenant, there is very little authority on whether an innkeeper may summarily remove a guest for nonpayment or disorderly behavior.[2] Therefore, appropriate reference must be made to the law in other jurisdictions.
*421 Generally, because an innkeeper has a different legal relationship with his guest than a landlord, the innkeeper is not required to submit to the statutory procedures in evicting the guest. In a similar case to the one at bar, Tamamian v. Gabbard, 55 A.2d 513 (D.C. Mun. App. 1947), held that the forcible entry and detainer statute does not apply to actions by an innkeeper. Thus, the court also stated:
Plainly, in the ordinary case of a roomer there is no forcible entry and detainer; nor is there unlawful entry, without force, and a forcible detainer. This leaves only the case of unlawful detention by a tenant after expiration of his tenancy. As we have already seen however, a roomer is not a tenant and has no tenancy. We, therefore, fail to see how an action under this section (Wash. D.C. Rent Act of 1940) could be sustained against a roomer, and as this is our only statute relating to summary possession, we conclude that the trial court was in error in instructing the jury that it was necessary to institute court proceedings against plaintiff for possession of the room. [at 516]
See also, Beall v. Everson, 34 A.2d 41 (D.C. Mun. App. 1943). Landry v. Allerton New York Corp., 194 Misc. 925, 88 N.Y.S.2d 293 (Sup. Ct. 1949).
In Sawyer v. Congress Square Hotel Co., 157 Me. 111, 170 A.2d 645 (Sup. Jud. Ct. 1961), plaintiff had been a guest for a long period of time. She brought an action for damages against the hotel from which she had been summarily evicted due to her delinquent account. There the court held that plaintiff was not entitled to notice or process under the Maine tenancy law when
* * * where as here a person occupies a room in a hotel, registers as others do, receives mail service, and has the benefit of the other incidental services, that the hotel gives, she is a guest, and this is true in spite of the fact that her stay there may be a long one and that she pays on a weekly or monthly basis: * * * [at 647]
See Levesque v. Columbia Hotel, 141 Me. 393, 44 A.2d 728 (Sup. Jud. Ct. 1945); Dewar v. Minneapolis Lodge No. 44, B.P.O.E., 155 Minn. 98, 192 N.W. 358 (Sup. Ct. 1923). Similarly, where plaintiff had been an occupant for three *422 years in the Belden Stratford Hotel in Chicago and failed to discharge his indebtedness the court in Neely v. Lott Hotels Corp., 334 Ill. App. 91, 78 N.E.2d 659 (Ct. App. 1948), held that "[h]aving failed to pay the daily charge, defendant had the right to eject the plaintiff from the premises, using whatever reasonable force was necessary." See Morningstar v. Lafayette Hotel Co., 211 N.Y. 465, 105 N.E. 656 (Ct. App. 1914).
Finally, in the case of Roberts v. Casey, 36 Cal. App. Supp.2d 767, 93 P.2d 654 (D. Ct. App. 1939), the court treated at length the question of whether notice under California procedural law must be given before an occupant of an apartment hotel can be evicted. The court made the distinction between a tenant and lodger, and finding that plaintiff's situation was that of a guest, it concluded that "so soon as a guest or lodger has, either by default in making payments due or otherwise, breached his contract he may by appropriate proceedings be ousted without the requirement of any advance notice." 93 P.2d at 659. Any other method "would be absurd * * * to require either a demand, or notice to quit." Id. The Roberts court felt that a prior demand or notice to quit or any other remedies at law would similarly be absurd and "[s]uch a ruling would make the operations of hotels and lodging houses virtually impossible and * * * manifestly cannot be the law." Id. at 659.

V
Because New Jersey case law has not directly dealt with the issue here, this court is guided by the wealth of other decisions which find that an innkeeper may rightfully eject a guest who is either seriously delinquent on his bill or who is so unruly and disorderly as to offend the sensibilities of a reasonably conscientious hotelkeeper.
Until new legislation clarifies the ambiguities left in our eviction statutes, this court is constrained to follow the *423 holdings in the above-mentioned cases. Consequently, plaintiff's petition for permanent relief or damages is denied and the case is dismissed.
NOTES
[1] Hereafter, "hotel" shall refer to and include within its meaning any hotel, motel, inn, boarding house, motor hotel or other established guest house, as it is commonly regarded in the community in which it is located. See N.J.S.A. 55:13A-3 and N.J.S.A. 2A: 44-47.
[2] 22 New Jersey Practice Series, § 20, lends some explanation to this position:

While no New Jersey case authority has been located for its support the following statement would seem an accurate statement of the current common law on the subject. Since an innkeeper retains legal possession of the room(s) occupied by the guest the innkeeper may remove a guest whenever the guest fails to pay the bill due when requested to do so or violates any rule of the hotel for which such remedy should, in view of a reasonable person be available. [Emphasis supplied]
See also, Holly v. Meyers Hotel and Tavern, Inc., 15 N.J. Super. 381, 388 (App. Div. 1951), rev'd on other grounds 9 N.J. 493 (1952), which discussed the case of five riotous sailors on leave in a Hoboken hotel. There the court stated that while the proprietor should not interfere with his guest's use of the room "[o]n the other side, the hotel proprietor has undoubted right and in some circumstances the duty to evict a disorderly, malevolent and incorrigible guest."