249 N.J. Super. 481 (1991)
592 A.2d 644
JEROME WILLIAMS, PLAINTIFF-APPELLANT,
v.
ALEXANDER HAMILTON HOTEL, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 24, 1991.
Decided July 12, 1991.
*482 Before Judges KING, R.S. COHEN and STERN.
Madeline L. Houston argued the cause for appellant (Passaic County Legal Aid Society, attorneys; Madeline L. Houston on the brief).
Ellen Jo Gold argued the cause for respondent (Goodman, Galluccio & Chessin, attorneys; Neil Chessin on the letter brief).
David G. Sciarra argued the cause for amicus curiae Public Advocate (Wilfredo Caraballo, Public Defender, attorney; David G. Sciarra on the brief).
Connie M. Pascale argued the cause for amicus curiae Legal Services of New Jersey (Melville D. Miller, attorney; Connie M. Pascale on the brief).
The opinion of the court was delivered by STERN, J.A.D.
Plaintiff appeals from a judgment dismissing his complaint seeking repossession of the premises where he resided with his family at the Alexander Hamilton Hotel and compensatory damages, or, alternatively, treble damages under N.J.S.A. 2A:39-8, and punitive damages, attorney's fees and costs.[1]
In his verified complaint, plaintiff alleged that he had been a "tenant" of Room 317 at defendant Alexander Hamilton Hotel since December of 1987; that his wife and two minor children live with him and that he was locked out of his room on March 23, 1990 because he owed $471 in back rent. Plaintiff took the position that he could not be dispossessed without proceedings *483 under the Anti-Eviction Act, N.J.S.A. 2A:18-61.1, and that he suffered "expenses ... emotional distress and ... physical hardship" by virtue of the wrongful dispossess. He also claims that defendants' "forcible entry and detainer upon the plaintiff's premises" violated N.J.S.A. 2A:39-1 et seq., giving rise to monetary damages under N.J.S.A. 2A:39-8, including treble damages if repossession "is inappropriate."
An order to show cause issued, and at the following trial, the proofs substantially conformed to the factual allegations.[2]
As a result of a "[h]it-and-run" automobile accident and resulting disabilities, plaintiff, his wife and his children were forced to leave their prior residence and, on December 5, 1987, moved into the Alexander Hamilton Hotel. Plaintiff's family lived in the hotel for approximately two and-a-half years before the "lockout." They paid rent of approximately $180 to $190 a week (which included stove, oven, and refrigerator), but plaintiff's wife had her own linens and did housekeeping for the unit.
Plaintiff testified that when permitted to return to work by his doctors he would do so, and that upon returning to work he would want to find another and more suitable home for his family. Plaintiff further testified that he had unsuccessfully *484 applied for Social Security benefits, but that a hearing was still pending, and by agreeing with his wife's stricken testimony, plaintiff stated that his children attended a local school based on their residence at the hotel, and that his wife registered to vote from her residence there.
On March 23, 1990 plaintiff's room was padlocked while the family members were not there. Plaintiff testified that he owed the defendant over $500 for back rent.
On cross-examination plaintiff testified that by the time he got his "disability" his former residence was "torn down" and that he had moved into the hotel because of the accident and disability. He answered affirmatively to the question, "[a]nd was it not your intention to at some point go back to living in an apartment when you were better and went back to work?" He stated that when they moved into the hotel "we planned on  on staying there for awhile" and "[i]f the doctor says I could go back to work. If not, we  we wouldn't have no place else to go but the hotel." He acknowledged that he "planned on getting another apartment once [he was] able to go back to work."
The trial judge concluded that N.J.S.A. 2A:18-61.1 "does not exempt the hotel from the provisions of the Anti-Eviction Act", but that Poroznoff v. Alberti, 161 N.J. Super. 414, 391 A.2d 984 (Cty.D.Ct. 1978), aff'd 168 N.J. Super. 140, 401 A.2d 1124 (App. Div. 1979), controlled the case and that plaintiff and his family were "transient guests" of the hotel and, thus, not entitled to the protection of the Anti-Eviction Act[3]. He found plaintiff's "cross examination was indeed telling" and that when "Mr. and Mrs. Williams began to occupy this hotel ... their intention was to remain temporarily; that they still have an intention to live in more suitable quarters." On a motion for reconsideration, while sympathetic to plaintiff, he adhered to the view that he was bound by our decision in Poroznoff.
*485 The critical fact-finding turned upon the plaintiff's testimony that he did not intend to remain in the hotel after he could return to work and find a more suitable residence for his family.
In Poroznoff, supra, the plaintiff lived in a room at the Young Men's Christian Association in Passaic "on a week-to-week basis." 161 N.J. Super. at 416, 391 A.2d 984. When he became drunk and disorderly and was arrested by the local police, his room was locked and he was not permitted to reenter upon return. He ultimately filed a complaint for possession and recovery of treble damages pursuant to N.J.S.A. 2A:39-8, the "forcible entry and detainer" statute. The trial judge denied relief, finding that there was a difference between a "lessee" and "tenant", on the one hand, and a nonresident or "transient" on the other. The trial judge concluded that "a week-to-week resident of a Y.M.C.A." could not be considered either a "lessee" or "tenant" entitled to protection under New Jersey's Anti-Eviction statute and that "[u]ntil new legislation clarifies the ambiguities left in our eviction statutes," 161 N.J. Super. at 422, 391 A.2d 984, he was required to follow the out-of-state precedent which led him to conclude that the plaintiff there was entitled to no protection.
We affirmed on a narrow ground stating that "[p]laintiff's assertion on this appeal that he occupied a room at the Passaic Y.M.C.A. as his only residence is insufficient to establish that he was not a transient guest within the meaning of N.J.S.A. 2A:18-61.1." 168 N.J. Super. at 141-142, 401 A.2d 1124. We further stated that "[t]here is no basis for concluding that plaintiff and defendants entered into a tenancy that gave plaintiff a legal status other than that of a transient guest residing on a week-to-week basis at the Passaic Y.M.C.A., which plaintiff conceded to be a hotel for purposes of this case." Id. at 142, 401 A.2d 1124. We also noted that "[t]he protections afforded by N.J.S.A. 2A:18-61.1 expressly do not apply to a transient or seasonal tenants residing at a hotel, motel or other guest house." Id. Thus, we concurred in the ultimate conclusions *486 of the trial judge "that plaintiff failed to establish a claim for being locked out of his room at the Y.M.C.A., without defendants having first obtained a judgment of possession pursuant to N.J.S.A. 2A:18-53." However, we did not hold that a resident of a hotel could never become a "lessee" or "tenant," or a "non-transient" guest entitled to the Act's protection. Cf. Vasquez v. Glassboro Service Ass'n, Inc., 83 N.J. 86, 97, 415 A.2d 1156 (1980).
While under Poroznoff the mere assertion that a room in a hotel or Y.M.C.A. or similar premises is the "only residence" does not suffice to make one a "lessee or tenant" under N.J.S.A. 2A:18-61.1, the case before us involves a plaintiff who lived in the Alexander Hamilton Hotel for over two years with his family members who attended school and registered to vote as a result of their residence at the premises. Further, while the plaintiff had an intention to ultimately leave the premises and find a "more suitable" residence for his family, he had no present intention or ability to do so within any particular time or fixed duration, or to leave the premises until after he could return to work and obtain the funds for doing that.
It is for the Legislature to decide whether occupancy of a hotel for any fixed duration of time (e.g., 90 days, six months or one year) should give rise to "tenancy" status, and we do not hold that the mere fact that some person has the intention to remain an indefinite period when he arrives, or in fact stays there for a particular period, gives rise to that status. However, we are satisfied under the aggregate facts of this case, which involve both actual residence for over two years and an intention to remain there for an indefinite period of time until certain contingencies might occur, that a "tenancy" at the time of the "lock out" existed and that the Anti-Eviction Act protects these "tenants" as a matter of law. Accordingly, we conclude that the trial judge, while understandably relying on Poroznoff, reached the wrong legal conclusion with respect to its application in this case.
*487 We denied a stay pending appeal in this case. Therefore, we cannot direct that plaintiff is entitled to repossession. However, by virtue of the fact that plaintiff was wrongfully dispossessed without proper adherence to the Anti-Eviction statute, he would still be entitled to prove damages which flowed therefrom under N.J.S.A. 2A:39-8. That statute provides for treble damages where "a return to possession would be an inappropriate remedy."
We note that as plaintiff admittedly owed arrearages at the time of his lockout, he may well have no damages. However, we do not address any issues which might arise under N.J.S.A. 2A:39-8 on the remand, but leave to the parties the development of proofs and issues which flow therefrom.
Reversed and remanded for further proceedings consistent with this opinion.
NOTES
[1] The individual owner of the Alexander Hamilton Hotel was also a named defendant. The case was dismissed against him in the same judgment. No issue was raised about that dismissal.
[2] Plaintiff's wife, Deborah, and plaintiff testified during the trial on April 2, 1990. During her cross-examination Deborah became "overwrought by [the] proceedings" and was "unable to proceed." Her testimony was "strike[n]," but the court and counsel agreed to a "shortcut" whereby plaintiff could indicate that "his answers to the questions that were addressed to Mrs. Williams would have been the same...." He thereafter agreed with his wife's testimony that they "resided in the Alexander Hamilton Hotel for two and a half years ... that the [weekly] rent was $190.80 ... that the rent now owed is over $500; that the last time any rent was paid was $200 on March 30th, leaving a balance due of $451.10; that she lives together with [plaintiff] and [their] two children, ages 15 and 6; that [the] children go to Public School Number 2; that she was registered to vote at [that] address; ... that she has her own linens; that she refuses maid service and does her own cleaning and change of linens...." He noted there were different "daily rates, weekly rates, and monthly rates" which explained some differences in their testimony.
[3] Recent amendments to N.J.S.A. 2A:18-61.1 embodied in L. 1991, c. 91, § 68 do not affect the issues in this case.