261 N.J. Super. 252 (1993)
618 A.2d 873
CHARLES FRANCIS, PLAINTIFF-APPELLANT,
v.
TRINIDAD MOTEL AND RIKA GANDHI, AS MANAGER OF THE TRINIDAD MOTEL, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 5, 1992.
Decided January 6, 1993.
Before Judges KING, BRODY and THOMAS.
Douglas E. Gershuny argued the cause for appellant (Cape-Atlantic Legal Services, attorney; Kenneth M. Goldman and Mr. Gershuny on the brief).
Christine M. Cote argued the cause for respondents (Cooper Perskie April Niedelman Wagenheim & Levenson, attorneys; Kathleen Kissane Leonard on the brief).
The opinion of the court was delivered by THOMAS, J.A.D.
*253 Plaintiff, an Atlantic City casino employee who rented a room in defendant Trinidad Motel for a little over two months, appeals from his lock-out eviction for nonpayment of rent. This eviction was held lawful in a trial court ruling that plaintiff was not protected from lock-out, by either the Anti-Eviction Act, N.J.S.A. 2A:18-61.1 to -61.21, or the Forcible Entry and Detainer Act, N.J.S.A. 2A:39-1 to -9. In doing so, the trial judge ruled that plaintiff did not come within the scope of special procedural safeguards afforded residential tenants under the Anti-Eviction Act because he was a transient guest of the motel, not a "tenant." While recognizing that a motel or hotel guest may acquire tenant status under some circumstances, the judge concluded that plaintiff's arrangements with defendant motel were insufficient to convert a fundamentally transient status into a tenant status. We agree and affirm.
On July 16, 1991, plaintiff filed a verified complaint and application for order to show cause with temporary restraints, in the Special Civil Part, Law Division, Atlantic County. The complaint alleged that plaintiff had been locked out of his room in defendant motel for non-payment of rent. He alleged that this eviction, without court process, violated the Forcible Entry and Detainer Act.
On July 19, 1991, the return date of the order to show cause, Judge Weinstein conducted a summary proceeding pursuant to N.J.S.A. 2A:39-6. He heard testimony from plaintiff and from defendant's representative. This testimony revealed that plaintiff had registered with defendant on May 1, 1991 at a special weekly rate of $120 and was assigned a room on the second floor. When plaintiff registered, this weekly rate was based upon an anticipated stay for one year. However, plaintiff conceded he never committed himself to any duration of stay and never discussed how long he would stay. In fact, he felt free to move out at any time. Plaintiff was advised that he would have to move to a different room upon arrival of summer *254 clientele. Defendant provided towels and linens but plaintiff made his own bed and cleaned his room. In addition to linens, plaintiff received telephone service to his room routed through the motel switchboard. Any mail was received at the motel desk and held until picked up. Other services provided by defendant included cable television, utilities, air conditioning and maintenance. Defendant retained keys to plaintiff's room and always had access. The motel registration form signed by plaintiff contained written notice that the motel was intended for transient occupation only. Plaintiff was required to reregister each week, was not permitted to entertain visitors, and had no control over what room would be assigned to him. His room had no facilities for maintaining food or preparing meals.
On July 1, plaintiff was told he had to change rooms. He was switched to a first-floor room which he began sharing with another man at a weekly rental of $100. By the second week of July, plaintiff fell behind in his rent. On July 10, 1991, plaintiff was told to leave unless he paid the overdue rent within an hour. Plaintiff went out and when he returned, the door to his room was locked.
Judge Weinstein, in his comprehensive and well reasoned oral opinion, concluded that under these facts, plaintiff's status was not converted from a guest to a tenant. The judge held:
I am satisfied from the credible evidence that Mr. Francis sought and obtained a special rate at the Trinidad in consideration of two factors: One, that he would not have maid service, which is afforded the other guests; and two, that his stay at the Trinidad would be for an indefinite period on a weekly rental or rate and that he would be amenable to being moved to a different room when the demands of the business required it. There were no facilities in the room for food service or for entertaining. There was no responsibility on the tenant to do anything by way of maintenance of his room other than to clean it as he chose to; full maintenance being the responsibility of the innkeeper. All telephone service came through the switchboard, mail service came through the desk, keys were maintained at the desk, and access to the room at all times was available to the manager and his employees. It is true that Mr. Francis had been in occupancy for two months sometime in one room, 216, and then beginning in early July in another room, when he was asked to assume occupancy with another guest.

*255 I do not believe that under the facts in this case Mr. Francis's status was converted from a guest to a tenant. As I've said, there are circumstances under which such change in status is obvious and will be accepted by the Court and the protection of the anti-eviction statute provided. I don't find that to be so in this case, notwithstanding he was staying by the week for an indefinite period at a specially reduced rental. The innkeeper had certain rights under the innkeepers' statutes, when a guest failed to pay that rent. The utilization of those statutory rights by the Trinidad was, under these circumstances, appropriate. There is no violation of the anti-eviction statute, no unlawful detainer. The hotel is free to resume possession of the room.
Plaintiff contends that the judge erred by ruling that he was not a "tenant" within the meaning of N.J.S.A. 2A:18-61.1. If he had been deemed a tenant, eviction required initiation of a summary dispossess proceeding rather than simply resorting to the lock-out, self-help method used by defendant. Plaintiff supports his contention of error by relying on a statutory construction argument. He contends that because of housing shortages and homelessness, the legislative intent of the Anti-Eviction Act and its manifest public policy require that the term "tenant" in that Act be liberally construed to include patrons like himself, for whom a motel room is their sole residence for an indefinite period. He notes that the Act, which applies to a "lessee or tenant," expressly excepts not all "guests" but only "transient guests." He argues that he was a guest in the motel, rather than a transient guest and as such was entitled to the protection of the Act.
The Forcible Entry and Detainer Act, N.J.S.A. 2A:39-1, prohibits entry without consent. It provides:
No person shall enter upon or into any real property or estate therein and detain and hold the same, except where entry is given by law, and then only in a peaceable manner. With regard to any real property occupied solely as a residence by the party in possession, such entry shall not be made in any manner without the consent of the party in possession unless the entry and detention is made pursuant to legal process as set out in N.J.S. 2A:18-53 et seq. or 2A:35-1 et seq.

The relevant portion of the Anti-Eviction Act, N.J.S.A. 2A:18-61.1, expressly excepts from its application, a motel room rented to a "transient guest or seasonal tenant." It reads in pertinent part:

*256 No lessee or tenant or the assigns, under-tenants or legal representatives of such lessee or tenant may be removed by the county district court or the Superior Court from any house, building, mobile home or land in a mobile home park or tenement leased for residential purposes, other than owner-occupied premises with not more than two rental units or a hotel, motel or other guest house or part thereof rented to a transient guest or seasonal tenant, except upon establishment of one of the following grounds as good cause....
The Anti-Eviction Act bars removal of a tenant from premises leased for residential purposes without good cause and without notice. Plaintiff contends the Act, originally adopted in 1974, was intended to protect tenants from unreasonable evictions due to the effects of a severe shortage of rental housing in this State. A.P. Dev. Corp. v. Band, 113 N.J. 485, 492, 550 A.2d 1220 (1988); Harden v. Pritzert, 178 N.J. Super. 237, 240, 428 A.2d 927 (App.Div. 1981), and to prevent unfair and arbitrary evictions. Fargo Realty, Inc. v. Harris, 173 N.J. Super. 262, 266, 414 A.2d 256 (App.Div. 1980). We do not disagree. The Legislature expressed its purposes in promulgating the Anti-Eviction Act, in the Statement attached to the Assembly Bill at the time of its proposal:
At present, there are no limitations imposed by statute upon the reasons a landlord may utilize to evict a tenant. As a result, residential tenants frequently have been unfairly and arbitrarily ousted from housing quarters in which they have been comfortable and where they have not caused any problems. This is a serious matter, particularly now that there is a critical shortage of rental space in New Jersey. This act shall limit the eviction of tenants by landlords to reasonable grounds and provide that suitable notice shall be given to tenants where an action for eviction is instituted by the landlord.
[Statement attached to L. 1974, c. 49, quoted in Harden v. Pritzert, supra, 178 N.J. Super. at 241, 428 A.2d 927; also quoted in part in A.P. Dev. Corp. v. Band, supra, 113 N.J. at 492, 550 A.2d 1220.]
In 1986, the Legislature enacted amendatory and supplementary provisions, emphasizing its intent to protect blameless tenants from removal by overly profit-motivated landlords. N.J.S.A. 2A:18-61.1a. The Legislature stated that it saw the need to maintain affordable housing by preventing displacement of satisfactory tenants on pretext. N.J.S.A. 2A:18-61.1a(d). It took notice of relevant legislative findings adopted pursuant to the Prevention of Homelessness Act, L. 1984, c. 180; N.J.S.A. 2A:18-61.1a(f). It expressly provided that the *257 1974 law and the 1986 amendments and supplements, "shall be liberally construed to effectuate the purposes thereof." L. 1986, c. 138, § 9.
Thus, the Legislature has recognized that housing problems and homelessness may be addressed in part by the protection of the Anti-Eviction law. However, this does not mean that the Act contemplates an expansion of the meaning of "tenant" to include people who pay rent for a motel room on a weekly basis and claim it as their sole residence for an indefinite period. See Poroznoff v. Alberti, 161 N.J. Super. 414, 391 A.2d 984 (Cty. D.C. 1978), aff'd, 168 N.J. Super. 140, 401 A.2d 1124 (App.Div. 1979). In Poroznoff, we expressly affirmed the trial judge's ruling that plaintiff's week-to-week occupancy of a room at the Y.M.C.A. as his sole residence was insufficient to establish his status other than as a transient guest within the meaning of N.J.S.A. 2A:18-61.1. We concluded:
Plaintiff's assertion on this appeal that he occupied a room at the Passaic Y.M.C.A. as his only residence is insufficient to establish that he was not a transient guest within the meaning of N.J.S.A. 2A:18-61.1. There is no basis for concluding that plaintiff and defendant entered into a tenancy that gave plaintiff a legal status other than that of a transient guest residing on a week-to-week basis at the Passaic Y.M.C.A., which plaintiff conceded to be a hotel for the purposes of this case. The protections afforded by N.J.S.A. 2A:18-61.1 expressly do not apply to transient or seasonal tenants residing at a hotel, motel or other guest house. Thus, we concur in the conclusion of the trial judge that plaintiff failed to establish a claim for being locked out of his room at the Y.M.C.A. without defendants having first obtained a judgment of possession pursuant to N.J.S.A. 2A:18-53.
[Poroznoff v. Alberti, supra, 168 N.J. Super. at 141-142, 401 A.2d 1124 (App.Div. 1979).]
More recently, we reviewed the Poroznoff decision; we concluded that this decision did not mean that a hotel resident could never acquire the protection of the Anti-Eviction Act. Williams v. Alexander Hamilton Hotel, 249 N.J. Super. 481, 486, 592 A.2d 644 (App.Div. 1991). In Williams, we held that tenancy status for purposes of the Anti-Eviction Act did arise pursuant to the exceptional facts of that case. There, plaintiff's family had resided for two-and-a-half years in a hotel unit which contained all of the necessary amenities for total living. *258 The facts, special in that case, which we found controlling, included the following: (1) the duration of stay; (2) the unit contained a stove, oven and refrigerator; (3) plaintiff's wife used her own linens and did all her own housekeeping; (4) plaintiff's wife was a registered voter at that address; and (5) the two minor children attended a local public school based on their residence at the hotel. In sum, the Williams family occupation of their hotel premises, had escalated to the complete living experience exemplified by the traditional family rental of an archetype apartment. We hasten to add, however, that we expressly declined to hold that intent to stay indefinitely or occupancy for any particular minimum period, created a "tenancy" status, saying that policy would, of necessity, be for legislative decision. Id. at 486, 592 A.2d 644.
In the present case, Judge Weinstein referred to Williams in his oral decision, acknowledging that under certain factual scenarios, the occupation of a motel room may be converted from transient guest status to tenant status. He ruled, however, that plaintiff did not achieve tenant status merely by staying weekly for an indefinite period at a specially reduced rental. We agree with his conclusion which was based on findings of fact supported by adequate, substantial and credible evidence in the record. Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 484, 323 A.2d 495 (1974). To hold otherwise would create an intolerable burden on hotel and motel owners, making them subject to the time and expense of formal court procedures to evict rent-delinquent or unruly guests who claim a tenancy based upon an indefinite period of occupancy only.
Affirmed.