666 A.2d 996

WILLA MCNEILL AND RICHARD ARNONE, PLAINTIFFS–APPEL-
LANTS, v. THE ESTATE OF PAUL LACHMANN, T/A THE
ALEXANDER HAMILTON HOTEL; JAMES F. MCCOOLE, AD-
MINISTRATOR; GSL COMPANY, MANAGING AGENT; AND
ANTHONY MARSHALL, MANAGER, DEFENDANTS–RESPON-
DENTS.

Superior Court of New Jersey
Appellate Division

Argued October 2, 1995—Decided November 13, 1995.

Before Judges PETRELLA,[1] PAUL G. LEVY and EICHEN.

*Madeline L. Houston,* Director of Litigation, argued the cause for appellants (Passaic County Legal Aid Society, attorneys; *Rob-*

---

[1] Judge Petrella did not participate in oral argument. However, the parties consented to his participation in this decision.

ert A. Nasdor, on the brief; Olga K. Arthars, on the brief; and Ms. Houston, also on the brief).

Keith A. Costill, Deputy Attorney General, argued the cause for amicus curiae Attorney General of New Jersey (Deborah T. Poritz, Attorney General, attorney; Joseph L. Yannotti, Assistant Attorney General, of counsel; Mr. Costill, on the brief).

Respondents did not file a brief.

The opinion of the court was delivered by

EICHEN, J.A.D.

At issue on this appeal is whether plaintiff Willa McNeill[2], locked out of her room at the Alexander Hamilton Hotel in Paterson after failing to pay rent, is entitled to possession or damages under the Forcible Entry and Detainer Act, N.J.S.A. 2A:39–1 to –8. The trial judge dismissed the verified complaint after determining McNeill was not protected from lock-out by either the Anti–Eviction Act, N.J.S.A. 2A:18–61.1 to –61.12, or the Rooming and Boarding House Act of 1979, N.J.S.A. 55:13B–1 to –21. In so doing, the trial judge ruled that the special safeguards afforded residential tenants under the Anti–Eviction Act were not available to McNeill because she was a transient guest of the hotel. The judge also rejected McNeill's argument that even if she is not directly protected under the Anti–Eviction Act, the Rooming and Boarding House Act of 1979, N.J.S.A. 55:13B–6e, would safeguard her from arbitrary eviction.

We reverse because we conclude McNeill enjoyed permanent status as a tenant of the hotel under the Anti–Eviction Act. We do not, therefore, consider McNeill's argument that the Alexander Hamilton Hotel is a rooming or boarding house subject to regulation under the Rooming and Boarding House Act of 1979, N.J.S.A. 55:13B–1 to –21.

---

[2] Although plaintiffs McNeill and Richard Arnone commenced this action, plaintiff Arnone did not participate in the trial below and has not filed an appeal.

On February 4, 1994, plaintiffs filed a verified complaint in the Special Civil Part seeking possession or treble damages under *N.J.S.A.* 2A:39–8; compensatory and punitive damages caused by defendant's alleged unlawful entry and detainer; and attorneys fees and costs. Plaintiffs also sought an order to show cause with temporary restraints demanding that they be restored to their hotel unit. On February 4, 1994, the judge granted temporary restraints directing defendants to permit plaintiffs to re-enter the premises pending resolution of the order to show cause.

On February 25, 1994, the judge commenced a summary proceeding under *N.J.S.A.* 2A:39–6 and, following a three-day trial, found that the Alexander Hamilton Hotel was a hotel and not a rooming or boarding house. The judge also determined that McNeill was a transient guest and, therefore, was not entitled to any of the procedural or substantive protections afforded by either the Rooming and Boarding House Act of 1979, *N.J.S.A.* 55:13B–1 to –21, or the Anti–Eviction Act, *N.J.S.A.* 2A:18–61.1 to –61.12.[3]

The Alexander Hamilton Hotel is an eighty-one room multiple dwelling located in Paterson and licensed by the State as a hotel, offering rooms on an hourly or renewable weekly basis. The hotel is not registered or regulated by the State as a rooming or boarding house under *N.J.S.A.* 55:13B–1 to –21.

Plaintiffs resided in the hotel for about two years prior to March 19, 1993, when the hotel was closed for extensive renovations and repairs mandated by the State due to serious health and safety

---

[3] We note in passing that the Department of Community Affairs (DCA) is the state agency that regulates rooming and boarding houses, *N.J.S.A.* 55:13B–4; however, the DCA was not made a party to the action. We question whether the Superior Court, Special Civil Part, is the appropriate forum for determining whether the hotel is a boarding house subject to DCA regulation in view of the doctrine of primary jurisdiction and particularly where the DCA has not had an opportunity to be heard below. *See Boss v. Rockland Electric Co.,* 95 *N.J.* 33, 40, 468 *A.*2d 1055 (1983). We also observe that a proceeding under the Forcible Entry and Detainer Act, being summary in nature, may not be an appropriate vehicle for deciding whether McNeill is entitled to the protections afforded under the Rooming and Boarding House Act of 1979.

violations. The State provided plaintiffs with relocation benefits which enabled them to move into an apartment in Passaic. Following the partial reopening of the hotel, plaintiffs moved back on October 2, 1993, receiving rent assistance from a local welfare agency. McNeill testified that they intended to stay at the hotel until they had enough money to move elsewhere but had no specific time frame in mind. On February 3, 1994, plaintiffs were locked out of their room because they had failed to pay rent for two weeks. At the trial, McNeill testified they owed only one week's rent.

The record reflects that the hotel's policy is to retain its status as a hotel permitting only transient guests to occupy units to avoid having to pursue eviction proceedings to remove undesirable residents. Toward that end, the hotel requires guests to sign a registration form stating: "I intend to be a transient guest here and it may be that I will stay for an extended period of time, but I will not nor do I intend to ever become a permanent tenant." McNeill signed, but claimed she did not read, the registration form. Defendant's representative testified that McNeill could have stayed indefinitely as long as she paid her bill and signed the form every week stating that she did not intend to become a permanent tenant.

On appeal, McNeill contends she was not a transient guest, that the hotel was her permanent home and, therefore, she was a "tenant" protected by the Anti–Eviction Act. *N.J.S.A.* 2A:18–61.1 to –61.12. As earlier noted, we agree. The Anti–Eviction Act does not protect an occupant of a "hotel, motel or other guest house or part thereof [who is] a *transient guest* or seasonal tenant." (emphasis added) *N.J.S.A.* 2A:18–61.1. The Anti–Eviction Act, however, does not define the term "transient." Therefore, we look to other sources in order to interpret the statute. The regulations governing hotels and multiple dwellings define the term "transient" as "occupancy for not more than 90 days by a person having a principal residence elsewhere." *N.J.A.C.* 5:10–2.2. The Anti–Eviction Act defines the term "permanent" as an

occupancy in which "the occupant maintains no other *domicile* at which the occupant votes, pays rent or property taxes or at which rent or property taxes are paid on the occupant's behalf." (emphasis added) *N.J.S.A.* 2A:18–61.1. As Judge Kole noted in *In re Accounts of Unanue,* 255 *N.J.Super.* 362, 374, 605 *A.*2d 279 (Law Div.1991) (quoting *Kurilla v. Roth,* 132 *N.J.L.* 213, 215, 38 *A.*2d 862 (Sup.Ct.1944)), "[d]omicile" is defined as "the place where [a person] has his true, fixed, permanent home and principal establishment, and to which whenever he is absent, he has the intention of returning, and from which he has no present intention of moving."

In *Williams v. Alexander Hamilton Hotel,* 249 *N.J.Super.* 481, 592 *A.*2d 644 (App.Div.1991), we afforded Anti–Eviction Act protections to a family that had resided for two and one-half years in a hotel unit with the intention of remaining "for an indefinite period of time until certain contingencies might occur." *Id.* at 486, 592 *A.*2d 644. Despite our noting other factors concerning the physical aspects of the occupancy and the extent of community involvement by plaintiff's family, our emphasis in *Williams* was on the length of the actual residence coupled with the clear manifested intention of the plaintiff and his family to remain as residents at the hotel for an indefinite period. Thus, we concluded that the hotel was the family's "domicile" or permanent residence. The additional extrinsic factors served only to enhance our determination that plaintiffs intended to remain; the presence or absence of these factors did not control our conclusion.

In the present case, just as in *Williams,* plaintiffs had resided at the hotel for over three years. Their occupancy was interrupted only by the temporary forced closing of the hotel. After the renovations, plaintiffs returned from Passaic to Paterson to resume their residence at the hotel. The record is clear that McNeill had no present intention of seeking other accommodations either before she left in March 1993 or after she returned in October 1993. Clearly, this was McNeill's permanent home or domicile.

■ Our conclusion that McNeill has acquired tenancy status in no way undermines our past ruling that the mere assertion that a hotel room is one's sole residence, irrespective of the duration of occupancy, does not suffice to entitle a hotel guest to the protections of the Anti–Eviction Act. *Poroznoff v. Alberti*, 168 *N.J.Super.* 140, 141–42, 401 *A.*2d 1124 (App.Div.1979); *Williams v. Alexander Hamilton Hotel*, *supra*, 249 *N.J.Super.* at 486, 592 *A.*2d 644.

■ In *Francis v. Trinidad Motel*, 261 *N.J.Super.* 252, 618 *A.*2d 873 (App.Div.), *certif. denied*, 133 *N.J.* 437, 627 *A.*2d 1143 (1993), another part of this court declined to apply the Anti–Eviction Act to a casino employee who had resided in various units in an Atlantic City motel for four months before he was locked out for non-payment of rent. *Id.* at 253, 618 *A.*2d 873. We agree with that determination. However, to the extent *Francis* suggests that the Anti–Eviction Act's protections depend on proof of a "complete living experience exemplified by the traditional family rental of an archetype apartment," *id.* at 258, 618 *A.*2d 873, we disagree with that reasoning. As expressed in *Williams*, we continue to hold the view that actual long-term residence with a demonstrated intention to remain, evidenced here by McNeill's long-term occupancy coupled with her return to the hotel following its renovation, affords her Anti–Eviction Act protections as a matter of law even without the traditional "domestic" accoutrements noted in *Williams* and emphasized in *Francis*.

■ Nonetheless, defendant argues that, by signing the hotel registration form limiting occupancy to one week stays, McNeill agreed that she was a mere transient guest and, therefore, could not acquire tenancy status. We give no weight to the language of the registration form in these circumstances. Had McNeill refused to sign the form, she would have been turned away, forced to forfeit the only home she knew. "A contract where one party ... must accept or reject the contract does not result from the consent of that party. It is a contract of adhesion...." *Vasquez*

*v. Glassboro Service Ass'n, Inc.*, 83 *N.J.* 86, 104, 415 *A.*2d 1156 (1980) (citation omitted). As such, it is not enforceable here.

The trial judge granted a stay of McNeill's removal pending appeal conditioned upon her paying all back rent. We do not know whether she complied with this directive or if she is even in possession of the unit at this time. If McNeill is in possession, then she may not be entitled to treble damages as set forth in *N.J.S.A.* 2A:39–8. *See Williams v. Alexander Hamilton Hotel, supra,* 249 *N.J.Super.* at 487, 592 *A.*2d 644. We also observe that if McNeill owed arrearages at the time of the lock-out which continued to accrue thereafter, despite the judge's order to pay back rent, she may have no damages. *Ibid.* On remand, the judge shall review McNeill's remedies, if any, under the Forcible Entry and Detainer Act, *N.J.S.A.* 2A:39–8. We do not intend by these observations to dictate the resolution of any issues on remand concerning McNeill's remedies, if any.

Reversed and remanded for proceedings in conformity with this opinion. We do not retain jurisdiction.